HALL, Judge.
This concursus proceeding was invoked by Sklar Producing Co., Inc., the operator of the Purity Mott Unit embracing 620^4 acres of land located in Webster and Bien-ville Parishes. In dispute is the ownership of monies in the hands of the operator representing the proceeds of production of gas *116 and/or condensate from the Unit attributable to an overriding royalty interest of Vs2 of 7/% or .027344 of unit production. Adverse claimants to the funds in dispute are the Estate of J. S. Rushing on the one hand, and H. N. Kinney Brookings, Robert J. Moffatt, Paul R. Waddle, Margaret P. Moffatt, and Mary Shurley Moffatt on the other hand, each of whom claim ownership of the overriding royalty interest in question.
In a written opinion the district court held the J. S. Rushing Estate is the owner of the overriding royalty interest in dispute and entitled to the proceeds attributable thereto. Judgment was rendered accordingly and the Moffatt group appealed sus-pensively and devolutively. We reverse the judgment of the district court and hold that the adverse claimants are entitled to the proceeds representing the .027344 interest in unit production on the basis of .001763 to the J. S. Rushing Estate and .025581 to the Moffatt group.
The evidence in the case consists of a stipulation entered into by the parties and three documents offered into evidence pursuant to the stipulation.
The stipulation .entered into at the trial of this case is set forth in full as follows:
“MR. SHUEY: It is stipulated as among the parties that Sklar Producing Company, Inc., is the operator of the Purity Mott Unit, which is described in Article 1 of its petition; that the amount of money deposited into the Court represents the excess after recovery of $50,-000.00 from %th.s of the production from Purity Mott Well attributable to an overriding royalty of .027344, which covers the period from February, 1958, the date of such pay out, up to the present time; that the amount of overriding royalty represented by such proceeds is in dispute as between on the one hand the Estate of Dr. J. S. Rushing and on the other hand by H. N. Kinney Brookings, Robert J. Moffatt, Paul R. Waddle, Margaret P. Moffatt and Mary Shurley Moffatt, those parties other than Robert J. Mof-fatt having acquired their interest therein subsequent to the date of the assignment of overriding royalty from Mr. Sam Sklar to Moffatt, which is referred to hereafter; that in the event the interest of either — that in the event the interest of the Rushing Estate to a portion of the proceeds is recognized that such interest would be deducted from the proceeds' attributable to the interest of Robert J. Moffatt, et al, and accordingly the third party demands as against Sam Sk-lar have been waived. That the documentary evidence to be introduced consists of an assignment from J. S. Rushing to Sam Sklar dated February 25, 1957, recorded in Conveyance Book 376, Page 454, Register No. 150819 of the Records of Webster Parish, the original being tendered with leave to substitute a certified copy; secondly, a copy which is stipulated to be a true copy of a letter agreement between Sam Sklar and J. S. Rushing, dated July 11th, to which reference is made in the assignment first introduced ; third, an assignment from Sam Sklar to Robert J. Moffat't, dated August 2, 1956, recorded in Conveyance Book 273, Page 556, Register No. 147974 of the Records of Webster Parish, Louisiana, the original being introduced, with leave to substitute a certified copy. (Off Record Discussion) It is further stipulated mathematically that the decimal royalty interest', the proceeds of which have been deposited in court, amounts to an overriding royalty of Ya2 of the production from the entire unit. . . .
“MR. MAYO : Yaz of-^ths.
“MR. SHUEY: . ... . %2d of J4ths on the entire unit.”
The three documents offered into evidence pursuant to the stipulation, in their logical sequence, but not in their actual chronological order, are as follows:
(1) Unrecorded letter agreement between J. S. Rushing and Sam Sklar dated July 11, 1955. By this letter agreement *117 Rushing agreed to assign to Sklar an oil and gas lease affecting forty acres under the following conditions:
“(1) That within 30 days from date you will move in a drilling rig on the former Carter Oil Company’s — Purity Mott #1, located in the SW Corner of Section 2, Township 17 North, Range 8 West, Webster Parish, Louisiana, and attempt the recompletion of a gas well in a diligent and workmanlike manner.
“(2) That if a commercially productive gas well is completed, as defined by the Louisiana Department of Conservation, we will assign you certain interest in our said lease subject to the following reservations :
“2.1 This assignment shall be limited to gas and accompanying hydrocarbons only.
“2.2 The assignment will be limited to a depth of 6,000 feet and we specifically reserve all rights below 6,000 feet.
“2.3 We specifically reserve all rights to the Jeter and Davis Zones which are now producing, the Jeter from our individual well located on said tract, and the Davis from a pooled unit.
“(3) You shall assign us a %2nd of j^ths overriding royalty on all gas and accompanying hydrocarbons that may be recovered from..said Purity Mott #1. This assignment shall be effective only after the Gross Income of J^ths of the production amounts to the equivalent of $50,000.00. To this end you shall furnish us with copies of monthly ■ statements showing runs from the well, gross income, and cumulative gross income.”
(2) Assignment from J. S. Rushing to Sam Sklar, dated February 25, 1957. By this instrument Rushing assigned to Sklar two oil, gas and mineral leases affecting the forty acre tract, which leases and the land affected thereby were specifically described. Pertinent provisions of this instrument are as follows:
“It is understood and agreed that as to such formations, the leases herein assigned have been pooled and unitized to form a production unit comprising 620% acres, such instrument being dated July 10, 1956, the counterpart executed by Assignor being recorded in Book 273, Page 262 of the Records of Webster Parish, Louisiana.
“There is excepted and reserved to Assignor an overriding royalty of one-thirty-second of seven-eighths (%2 of %) of all gas and/or condensate produced, saved and sold from the lands and formations affected by the leases hereby assigned, which overriding royalty interest, however, shall not become effective until such time as Assignee shall have recovered from seven-eighths (?/%) of the gross income received by him from the Purity Mott No. 1 Well, the sum of Fifty Thousand Dollars ($50,000.00).
“This Assignment is made without warranty of title, either express or implied. This Assignment is made in accordance with the terms of that certain unrecorded letter agreement dated July 11, 1955, executed by J. S. Rushing and agreed to and accepted by Sam Sklar on July 28, 1955, which letter agreement is hereby made a part hereof by reference, the same as if copied at length herein.”
(3) Assignment from Sam Sklar to Robert J. Moffatt, et al., dated August 2, 1956. By this instrument Sam Sklar assigned to Robert J. Moffatt, et ah, an overriding royalty of Ys of 7/& until recovery of costs and then 14 of Y& or of % depending on volume of production, of the oil, gas, distillate or condensate produced and saved under the terms of a number of oil, gas and mineral leases, which leases and the lands covered thereby were particularly described in the instrument and which leases included the two leases described in the assignment from Rushing to Sklar. This instrument contains the following pertinent provision:
“3. Assignees assume and there shall be deducted from the overriding royalty *118 interests herein conveyed and borne by the Assignees any and all overriding or excess royalties to which the leases described in Exhibit ‘A’ are subject, it being the intention that Assignor shall be subject only to the payment of %th royalty on any of said leases and to the payment of total overriding royalties in the amounts herein provided, such totals to be calculated on a unit basis.”
The Rushing Estate contends that it is entitled to a %2 of Y% overriding royalty interest in the entire Purity Mott Unit, or the full .027344 of unit production in dispute. The Moffatt group contends that the Rushing Estate owns only a Vs2 of 7/% overriding royalty interest in the two leases assigned by Rushing to Sklar affecting forty acres in the Unit, or only .001763 of unit production. Since the overriding royalty interest acquired by Moffatt, et al., from Sklar, is admittedly subject to and reduced by any and all other overriding or excess royalties to which the leases included in the Unit are subject, the issue narrows down to what overriding royalty interest the J. S. Rushing Estate owns by virtue of the documents in evidence.
The district court, considering the letter agreement and the assignment from Rushing to Sklar together, was of the opinion the parties clearly intended that the reservation in the assignment cover Vs2 of y% under the Unit and not merely under the forty acres covered by the two leases assigned. The district court was of the further opinion that it was proper to consider the letter agreement in that it was incorporated in the instrument of assignment from Rushing to Sklar and became a part of the recorded instrument even though the letter agreement itself was not recorded.
The Moffatt group argues that under the public records doctrine enunciated in McDuffie v. Walker, 125 La. 152, 51 So. 100 (1909) and later cases, and under the Louisiana laws of registry (Civil Code Article 2246, LSA-R.S. 9:2721 and 9:2722), the unrecorded letter agreement can have no force or .effect as against parties not privy to the unrecorded transaction. Appellants further argue that even if the unrecorded letter agreement is considered, the Rushing Estate’s ownership must be determined from the reservation, contained in the assignment from Rushing to Sklar which reservation was limited to a Vsz of 7/& overriding royalty interest in the two leases assigned which only affected forty acres.
The matter to be determined is the extent of the overriding royalty interest owned by the Rushing Estate. J. S. Rushing originally owned as lessee two oil, gas and mineral leases affecting forty acres of land. He assigned these leases to Sklar, excepting and reserving an overriding royalty interest of V32 of 7/3 “of all gas and/or condensate, saved and sold from the lands and formations affected by the leases hereby assigned,” which interest was to become effective after Sklar recovered $50,000 from 7/& of gross income from the Purity Mott No. 1 Well. The language contained in the reservation clause is clear and unambiguous and expressly limits the overriding royalty interest reserved to production from the lands affected by the two leases assigned. The overriding royalty interest reserved by Rushing was a right emanating from the two leases assigned and was an appendage to those leases. Wier v. Glassell, 216 La. 828,' 44 So.2d 882 (1950). Rushing could not have “excepted and reserved” that which he did not have — an interest in the other leases and lands included in the unit which were not owned by him. The instrument could not in any way be construed as an assignment by Sklar to Rushing of an overriding royalty interest in the other unit leases owned by Sklar as there is no language to that effect and the instrument was not signed by Sklar.
The only interest owned by Rushing is that which was reserved by him in the assignment to Sklar which was a Y32 of 7/3 overriding royalty interest in the two leases affecting forty acres. Thus, out of production from the 620% acre unit, Rushing is entitled to receive %2 of 7/3 of 40/620%, or .001763.
*119 The reference in the instrument to the fact that the leases assigned have been pooled and unitized to form a production unit of 620% acres by recorded instrument. executed by Rushing does not indicate an intent on the part of Rushing to reserve Vs2 of %, of unit production. On the contrary, this clause merely states the existing fact of unitization — a matter affecting the status of the leases assigned and without which Rushing would not have been .entitled to receive any payment under his reservation since the producing well is on property other than that covered by the leases to which the reservation pertained.
The reference to the letter agreement in the assignment from Rushing to Sklar neither adds to nor takes away from what Rushing reserved therein. The letter agreement, even though referred to in the recorded instrument, is not itself recorded and insofar as third parties (the Moffatt group) are concerned has no effect on Rushing’s ownership. LSA-Civil Code Articles’2246, 2254, 2264 and 2266; McDuffie v. Walker, supra, and its progeny. It could not, insofar as third parties are concerned, vest any title in Rushing.
Moreover, the letter agreement itself is not an instrument of conveyance and does not purport to convey to or vest ownership in Rushing of any interest in the leases held by Sklar. It does evidence an agreement in 1955, between Sklar and Rushing, that contemplates future assignments. However, no assignments from Sklar to Rushing have been executed and recorded pursuant to this agreement, other than the reservation by Rushing of the overriding royalty attributable to the two leases assigned by him to Sklar.
The question presented and decided here is entitlement to the proceeds of production based on ownership of overriding royalty interests. This ownership must be determined from the duly recorded instruments purporting to vest title in the parties as disclosed by the evidence submitted in this case.
For the reasons assigned, the judgment of the district court is reversed and judgment is now rendered as follows:
It is ordered, adjudged and decreed, that the proceeds of production of gas and/or condensate from the Purity Mott Unit attributable to a %2 of (.027344) overriding royalty interest made the subject of their concursus proceeding are owned by and should be distributed to the following parties in the proportions hereinafter shown, to-wit:
J. S. Rushing Estate 1/32 x 7/8 x 40/620W or .001763
H. N. Kinney Brookings (1/6) 1/32x7/8 less
Robert J. Moffatt (1/6) 1/32 x 7/8 x
Paul R. Waddle (1/6) 40/620Va
Margaret P. Moffatt (1/4) or .025581
Mary Shurley Moffatt (1/4)
The costs of these proceedings shall be paid out of the funds deposited in the registry of the court.
Reversed and rendered.