388 So.2d 426 (1980)
Sherman G. KNOWLES, Plaintiff-Appellant,
v.
WHOLESALE ELECTRONIC SUPPLY OF SHREVEPORT, INC., Defendant-Appellee.
No. 14196.
Court of Appeal of Louisiana, Second Circuit.
August 18, 1980.
Rehearing Denied September 29, 1980.
*427 Blanchard, Walker, O'Quin & Roberts by William Paul Lawrence, II, Shreveport, for plaintiff-appellant.
Cook, Yancey, King & Galloway by Stephen R. Yancey, Shreveport, for defendant-appellee.
Bodenheimer, Jones, Klotz & Simmons, by David Klotz, Shreveport, amicus curiae on Behalf of defendant-appellee.
Before PRICE, HALL and MARVIN, JJ.
En Banc. Rehearing Denied September 29, 1980.
MARVIN, Judge.
The purchaser of property appeals a judgment rejecting his demands to evict the defendant tenant who was occupying the property under an unrecorded lease from the sellers.
The deed to the property made no reference to the lease, but the trial court found that the purchaser's agent knew of the lease and of defendant's occupancy and concluded that the agent had agreed that the purchase would be "subject to" the lease.
This result was reached in Stanley v. Orkin Exterminating Co., Inc., 360 So.2d 225 (La.App. 1st Cir. 1978), where it was expressly shown that the purchaser intended to purchase subject to an unrecorded lease. Mere knowledge of a purchaser that an unrecorded lease burdens the immovable, however, is not sufficient to support the conclusion that the purchaser intended the purchase to be "subject to" the lease. LSA-C.C. arts. 2015, 2266. See State v. Sinclair Refining Company, 25 So.2d 543 (La.App. 2d Cir. 1946). See also LSA-C.C. arts. 1764(2), 1959, 2474-76, 2503.
We reverse.
The sellers here intended to sell the property subject to the unrecorded lease, but the controlling issue is whether the purchaser intended to purchase subject to the lease.
The trial court considered the testimony of the sellers and a written memorandum that was made by one of the sellers during negotiations to preponderate that the purchase of the property would be subject to the lease. The memorandum was prepared to show the status of the building and of several mortgages affecting the property. The memorandum included this language:
"... second mortgage secured through rent assignment of $900 per month ... lease terminates July 30, 1985."
The sellers generally testified that the property was never offered to the purchaser on any terms other than that the purchase would be subject to the lease. The sellers emphasized that the purchaser's agent asked no questions and made no comments to indicate that the purchase would not be subject to the lease.
"For the lack of any negative response on [the purchaser's] part, then as far as we [the sellers] were concerned, the sale was only conditional along with the lease."
"It was a conclusion by everyone that the deal had to include the leases ..."
"Because there was no other expression made, that there was any other way [that the sale] could be handled, by anybody in the room."
*428 The sellers contended that the written memorandum made it clear that the sale would be subject to the lease. Yet the memorandum is not truly express on this point. The purchaser does not deny his agent's knowledge or the fact that a copy of a partially executed sub-lease agreement of the property which was marked "not accepted" was delivered to the agent. The agent testified:
"Did they [the sellers] tell you that the property was being offered ... only subject to the lease?"
"No, sir ..."
"They said that there was a lease."
The memorandum expressly requires that several mortgages be paid. It states that the interest of one seller can be acquired "by paying [the] bank's second mortgage of $30,032", that the interest of another seller can be acquired "by paying [the] bank's second mortgage of $10,968", and that the [three] sellers will convey the property "on payment of mortgage interest of [the] bank."
Once the documents by which the transaction was to be consummated were prepared, one seller obtained copies and discussed the documents with the sellers' attorney prior to the execution of these documents. This seller acknowledged that he was not concerned with and did not discuss with his attorney, the unrecorded lease.
Under the circumstances shown, the unrecorded lease did not affect the purchaser, nor follow the immovable property into the purchaser's hands because the defendant tenant failed to record its lease and because it is not shown that the purchaser intended that the purchase would be subject to the lease. See authorities supra, and LRS-9:2721, Brown v. Matthews, 3 La.Ann. 198 (1848).
Judgment on the principal demand is reversed. Because eviction proceedings are specially provided for by LSA-C.C.P. arts. 4701-4705 and 4731-4735 and because third party demands are yet to be adjudicated, this cause is remanded for judgment and for further proceedings consistent with this opinion.
REVERSED and REMANDED.