438 So.2d 594 (1983)
JULIUS GINDI AND SONS, INC.
v.
E.J.W. ENTERPRISES, INC., et als.
No. CA-0596.
Court of Appeal of Louisiana, Fourth Circuit.
June 1, 1983.
Rehearing Denied October 27, 1983.
Russ M. Herman, Sidney F. Rothschild, New Orleans, for plaintiff-appellee.
Herman M. Schroder, Kenneth E. Pickering, New Orleans, for defendant-appellant.
Before GARRISON, BYRNES, and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal from a decision of the trial court declaring a lease entered into *595 between plaintiff Julius Gindi and Sons, Inc. ["Gindi"] and Louis Roussel, Jr. to be binding upon defendant E.J.W. Enterprises, Inc. ["EJW"], a successor in title of the leased property.
On July 14, 1982, plaintiff filed suit against defendants Roussel, EJW, Mutual Savings Life Insurance Co. ["Mutual"], and Manton Land Co. ["Manton"] seeking to have a lease it [plaintiff] entered into with Roussel declared binding upon certain third parties. The suit also sought to have EJW, the current owner of the leased property, enjoined from evicting plaintiff until the lease expired. The parties stipulated to a number of documents, depositions, and facts. On the basis of the stipulations the trial court rendered judgment in favor of plaintiff. It is from this decision that defendant EJW now appeals.
The facts of this case are for the most part stipulated to by the parties. On May 3, 1973, plaintiff and Roussel entered into a lease which expired on December 31, 1979. The lease provided for a five-year extension on the same terms. On February 4, 1977, plaintiff sent a letter by certified mail to Roussel advising him of its desire to exercise the option. This notice was a timely exercise of its option. The letter was received by the receptionist in Roussel's office who was empowered to do so.
On March 30, 1982, Roussel sold the premises to Mutual who, on June 24, 1982, sold the property to Manton. The sale to Mutual was subject to a Purchase Agreement for the party signed by Roussel and a representative of Manton, and Mutual bound itself to the terms of the Purchase Agreement. On June 24, 1982, Manton exchanged the leased property for property owned by EJW. On June 29, 1982, plaintiff received a letter advising it that it had a month-to-month lease and that it must vacate the premises by the end of the next month. It appears that Roussel was under the misapprehension that plaintiff had not exercised the option to renew the lease and was a tenant strictly on a month-to-month basis. In fact, the Act of Sale between Mutual and Manton contained the following clause:
"The parties hereto take cognizance of the lease by Louis J. Roussel to Julius Gindi, Inc.... Vendor declares and warrants that the lessee therein did not exercise its option to renew said lease, but that after the original term ended on December 31, 1979 continued its occupancy on a month-to-month basis."
Gindi then filed suit to have its lease recognized as valid and binding on defendants until December 31, 1984.
Two issues are presented on appeal: (1) did the successors in title have a duty to inquire whether an encumbrance, i.e. the lease, existed on the property, and (2) was the lease between plaintiff and Roussel binding upon Roussel's successors in title by reason of the Purchase Agreement between Roussel and Carl Clayton, on behalf of Manton?
I. DUTY TO INQUIRE
Gindi argues that defendant EJW had a duty to inquire into whether the renewal option had been exercised because it is evident from the face of the lease that an extension may have been exercised.
Article 2266 of the Louisiana Civil Code provides in part:
All sales, contracts and judgments affecting immovable property, which shall not be so recorded, shall be utterly null and void, except between the parties thereto. The recording may be made at any time, but shall only affect third persons from the time of the recording.
La.R.S. 9:2721 also provides:
"No sale, contract, counter letter, lien, mortgage, judgment, surface lease, oil, gas or mineral lease or other instrument of writing relating to or affecting immovable property shall be binding on or affect third persons or third parties unless and until filed for registry in the office of the parish recorder of the parish where the land or immovable is situated; and neither secret claims or equities nor other matters outside the public record shall be binding on or affect such third parties."
Plaintiff argues that the provision of the lease allowing it a five year extension *596 should have placed a duty on defendants to inquire whether the option had been exercised. EJW argues that the duty to inquire is limited to an investigation of the public records, and, furthermore, because the notice of renewal was not recorded, it is not binding upon third parties.
If a recorded instrument contains language that would cause a third party to reasonably suspect that there is a question as to title, he must "avail himself of the means and facilities at hand to obtain knowledge of the true facts." Brown v. Johnson, 11 So.2d 713, 716 (La.App.2d Cir. 1942); see also Pittsburgh Plate Glass Co. v. Woodcock, 150 So.2d 660 (La.App.3d Cir. 1963). The extent of the duty to inquire is the key issue on this appeal.
In Judice-Henry May Agency, Inc. v. Franklin, 376 So.2d 991 (La.App. 1st Cir. 1979), the court considered whether an unrecorded lease was binding upon a third party purchaser when a subsequent assignment of the lease was recorded. The court held that because unrecorded acts have no legal effect on them, third parties only have to look at the public records to determine adverse claims. Those cases in which a duty to inquire was imposed required investigation into public records. E.g., Wells v. Joseph, 234 La. 780, 101 So.2d 667 (1958).
The court relied upon the line of decisions holding that a recorded reference to an unrecorded instrument does not make it binding upon third parties. See, e.g. Roemer v. Caplis, 369 So.2d 1186 (La.App.2d Cir.) writ den. 371 So.2d 620 (La.1979); Sklar Producing Co. v. Rushing, 262 So.2d 115 (La.App.2d Cir.) writ den. 262 La. 310, 263 So.2d 47 (1972). The lessor in Judice-Henry-May Agency, Inc., as plaintiff in this case, urged that a reference to an unrecorded document should require a purchaser to inquire further. The court held:
"To accept [this] contention would lead to greater distinctions as to just which unrecorded, but referred to instruments would be given effect.... "The basic public police of Louisiana is squarely behind recordation. To have any effect on third parties, an instrument must be recorded. R.S. 9:2721 and Civil Code Article 2266. Third parties must consult all the public records pertaining to their transactions but need not go beyond those public records." Id. at 993
The court concluded that the lease was not cause for further inquiry nor was it binding upon the third party purchaser.
Plaintiff relies upon Port Arthur Towing Co. v. Owens-Illinois, Inc., 352 F.Supp. 392 (W.D.La.1972). The facts in PATCO are almost identical to the ones in this case. The federal district court held that the existence of the option clause created a duty to inquire outside of the record. We believe that this decision is incorrect in view of the dictates of Louisiana law. The duty to inquire should be limited only to recorded instruments because unrecorded instruments have no effect upon third parties. Generally, a duty to inquire outside of the record would be fruitless for even if something does exist it would not be binding upon third parties.
II. PURCHASE AGREEMENT
The Purchase Agreement between Roussel and Manton stated that the sale was made subject to existing leases. Plaintiff argues that there was no need for the lease to be recorded because by the Purchase Agreement, Manton contractually bound itself to accept the lease. In support of this argument, plaintiff refers to the decision in Stanley v. Orkin Exterminating Co., 360 So.2d 225 (La.App. 1st Cir.1978). In Stanley, a purchaser with knowledge of an existing lease on property that he bought subject to existing leases was bound by the lease regardless of whether it was recorded. Cf. Knowles v. Wholesale Electronics Supply of Shreveport, Inc., 388 So.2d 426 (La.App.2d Cir.1980) (buyer, however, must have intent that purchase be subject to lease).
These cases are factually distinguishable from the instant case. The issue before us is whether EJW, not Manton, is bound by the lease. The Act of Exchange between EJW and Manton is silent on the existence of leases. As we discussed supra, the exercise of the renewal option must have been recorded to be binding upon a third party. Judice-Henry v. May Agency, Inc., supra. EJW was a third party that did not contractually accept the lease, and, therefore, is not bound by it.
*597 For the foregoing reasons, the decision of the trial court is reversed. For the renewal of the lease between plaintiff and Roussel to have been binding upon EJW, the exercise of plaintiff's option had to have been recorded.