654 So.2d 838 (1995)
AVENUE PLAZA, L.L.C.
v.
Sandra B. FALGOUST and Carl Chastant d/b/a Casan Salon.
No. 94-CA-2491.
Court of Appeal of Louisiana, Fourth Circuit.
April 26, 1995.
Salvador Anzelmo, Michael J. Laughlin, New Orleans, for plaintiff/appellee.
Bonnie L. Zakotnik, New Orleans, for defendants/appellants.
Before KLEES, LOBRANO and LANDRIEU, JJ.
LANDRIEU, Judge.
Appellants, Sandra Falgoust and Carl Chastant, appeal the trial court decision which applied the public records doctrine in granting Appellee, Avenue Plaza, L.L.C.'s eviction suit. We affirm.
Appellants operate a beauty salon (approximately 644 square feet) in property owned by Avenue Plaza located at 2115 St. Charles Avenue. This property was originally leased to the appellants by Mora-Osborne Garden District Apartments Partnership for a ten year period to commence on September 1, 1981. This lease was properly recorded. The lease contained a provision giving the appellants an option to renew the lease for an additional ten years at the expiration of its original term.
In a certified letter addressed to "Manager" of Avenue Plaza, dated April 3, 1991, appellants attempted to exercise their option *839 to renew the September 1, 1981 lease for an additional ten years, and they continued to operate their salon on the property. This instrument was never recorded.
Ocean Development Group, Inc., the owners following the original lessor, sold the property to Avenue Plaza on February 11, 1993 and all transfers of the property were made subject to an assignment of leases clause. Again, at the time of the transfer to Avenue Plaza and, at all times prior to that transfer, it is undisputed that no instrument evidencing appellants' attempt to exercise its option to renew was recorded in the Conveyance Records of Orleans Parish. The trial court held that Avenue Plaza was not bound by this unrecorded option and consequently granted the eviction against appellants.
The manner in which to exercise the option to renew the lease for an additional ten years was set forth in the original lease. The lease required the lessee to give the lessor written notification by certified mail at 2111 St. Charles Avenue, New Orleans Louisiana regarding its intention to exercise the option not less than 120 days prior to the expiration of the primary term. Appellants contend that they exercised this option by mailing a certified letter to the "manager" of Avenue Plaza at the appropriate time. The returned receipt was made part of the record. Avenue Plaza argues that this letter did not amount to exercising the option because it was not mailed to the then lessor as required by the terms of the original lease, but rather generally addressed to the "manager." The trial court did not pass on this issue.
While there is disagreement concerning whether the option to renew the lease was properly exercised, we find the resolution of this issue unnecessary. Even if the appellants properly exercised this option, the renewal was never recorded. Thus, the sole issue on appeal is whether the trial court erred in its determination that an unrecorded option to renew was not binding on the third party purchaser of the property.
The public records doctrine clearly provides that in order for an instrument of writing relating to immovable property to bind a third party, that writing must be filed for registry in the office of the parish recorder in the parish where the land is situated. La.Rev.Stat.Ann § 9:2721 (West 1991). Further, the Louisiana Supreme Court set forth that the public records doctrine is essentially a negative doctrine and what is not recorded is not effective except as between the parties and, the actual knowledge by third parties of unrecorded interests is immaterial. Dallas v. Farrington, 490 So.2d 265, 269 (La.1986).
Accordingly, this Court has held that the exercise of a renewal option must have been recorded to be binding on a third party. Julius Gindi and Sons v. E.J.W. Enterprises, 438 So.2d 594, 596 (La.App. 4th Cir.1983). In Julius Gindi and Sons, the lessee argued that the purchaser of the property had a duty to inquire beyond the public records as to whether the renewal option had been exercised because on the face of the lease it was evident that the extension may have been exercised. Alternatively, the purchaser argued that its duty was limited to an investigation of the public records, and that because the renewal was not recorded it is not binding on the parties. This Court held that the inquiry ended with a review of the public records, and as the exercise of the option to renew had not been recorded, it was not binding on the subsequent purchaser.
Here, much of the same arguments are being urged. Appellants rely primarily on two cases; Port Arthur Towing Co. v. Owens-Illinois, Inc., 352 F.Supp. 392 (W.D.La.1972), and Thomas v. Lewis, 475 So.2d 52 (La.App. 2nd Cir.1985). Both cases essentially held that the existence of an option to renew in a lease required the purchaser to look outside of the public record to determine the status of that option. We disagree.
As we stated in Julius Gindi and Sons, the dictates of Louisiana law limits the duty of inquiry to the public records because unrecorded instruments have no effect on third parties; such an inquiry "would be fruitless for even if something did exist it would not be binding on third parties." 438 So.2d at 596.
*840 For the foregoing reasons, we affirm the decision of the trial court.
AFFIRMED.