663 So.2d 841 (1995)
AVENUE PLAZA, L.L.C.
v.
Sandra B. FALGOUST and Carl Chastant, d/b/a Cason Salon.
No. 95-CA-0380.
Court of Appeal of Louisiana, Fourth Circuit.
October 26, 1995.
Rehearing Denied December 19, 1995.
*842 Salvador Anzelmo, Michael J. Laughlin, New Orleans, for Appellee.
Bonnie L. Zakotnik, New Orleans and Hulse, Nelson & Wanek, Regel L. Bisso, New Orleans, for Appellants.
Before BARRY, JONES and LANDRIEU, JJ.
BARRY, Judge.
Defendants appeal a summary judgment which held that their unrecorded option to renew a lease is without effect as to Avenue Plaza, L.L.C., the third party purchaser of the premises, and that Avenue Plaza is entitled to possession. We hold that Avenue Plaza is not entitled to judgment as a matter of law and reverse.

Facts
On September 1, 1981 Sandra Falgoust and Carl Chastant leased approximately 644 square feet at 2115 St. Charles Avenue for a ten year term. The lease, which contained an option to renew for an additional ten years, was recorded in the conveyance records of Orleans Parish.
On April 3, 1991 the defendants sent notice of their exercise of the option to renew to the manager of the building. That option to renew was not recorded.
Avenue Plaza, L.L.C. purchased the property on February 11, 1993 from Ocean Development Group, Inc. (apparently the owners following the original lessor). That sale was made "subject to any servitudes, rights-of-ways, or mineral servitudes and leases established by law or of record in ... Orleans *843 Parish, Louisiana, affecting the property hereby conveyed...." [Emphasis in original.] That same day, Avenue Plaza, L.L.C. and Ocean Development Group, Inc. executed an "Assignment of Tenant Leases" and Avenue Plaza assumed the terms and conditions of the leases:
By accepting this Assignment of Tenant leases, and by its execution hereof, Assignee hereby assumes and agrees to perform all of the terms, covenants and conditions of the Leases on the part of the lessor therein required to be performed, from and after the date hereof, but not prior thereto....
The assignment states:
Attached hereto as Exhibit "B" and made a part hereof and for all purposes is a list of the leases presently in force, to the best of Assignor's knowledge, information and belief.
Although the assignment was executed after expiration of the original term, the September 1, 1981 recorded lease is listed in Exhibit B.
Avenue Plaza, L.L.C. sought a declaratory judgment and eviction of defendants. The trial court granted defendants' exception of improper cumulation and Avenue Plaza filed a separate eviction proceeding. In that proceeding, the trial court granted the eviction based on the public records doctrine and this Court affirmed. Avenue Plaza, L.L.C. v. Falgoust, 94-2491 (La.App. 4 Cir. 4/26/95), 654 So.2d 838, writ den. 95-1302 (La. 6/30/95), 657 So.2d 1040.
Avenue Plaza moved for summary judgment in the declaratory judgment action and argued that the unrecorded option to renew is not binding on Avenue Plaza. The trial court granted Avenue Plaza's motion for summary judgment and defendants appeal.
Defendants claim the public records doctrine is inapplicable because Avenue Plaza contractually assumed the lease. Avenue Plaza responds that defendants did not properly exercise the option to renew and alternatively that as a third party purchaser it is not bound by an unrecorded option to renew. The trial court did not rule whether the defendants properly exercised the option to renew.

Law of the Case
The parties filed their briefs in this case before the appeal was rendered in the eviction proceeding. Therefore, the parties did not argue that the prior appeal constitutes the "law of the case."
Under the law of the case doctrine, an appellate court in a second appeal will not reconsider its earlier ruling in the same case. Reasons for the doctrine are to avoid indefinite relitigation of the same issue, obtain consistent results in the same case, and promote fairness and efficiency to the parties by affording one opportunity for argument and decision of the matter. Torco Oil Co. v. Grif-Dun Group, Inc., 94-1098 (La.App. 4 Cir. 11/17/94), 647 So.2d 1159, 1162, citing Coldwell Banker J. Wesley Dowling & Associates, Inc. v. City Bank & Trust of Shreveport, 25,684 (La.App. 2 Cir. 3/30/94), 634 So.2d 959, 961.
The doctrine is discretionary and should not be applied where it would effectuate an obvious injustice or where the former appellate decision was clearly erroneous. Torco Oil Co. v. Grif-Dun Group, Inc., 647 So.2d at 1162; Dodson v. Community Blood Center, 633 So.2d 252, 255 (La.App. 1st Cir. 1993), writ den. 93-3158 (La. 3/18/94), 634 So.2d 850, writ den. 93-3174 (La. 3/18/94), 634 So.2d 851.
The evidence which is determinative in this case was not discussed in the prior appeal. Considering the evidence and the applicable law, we conclude this Court's holding in the prior appeal was clearly wrong and would accomplish an obvious injustice. Accordingly, the prior appeal does not preclude relitigation of the matter.

Public Records Doctrine
The prior appeal in the related eviction proceeding relied on the public records doctrine to uphold the defendants' eviction from the Avenue Plaza property. Avenue Plaza, L.L.C. v. Falgoust, 654 So.2d at 839. The Court held that even if the defendants properly exercised the option to renew, Avenue *844 Plaza is a third party purchaser not bound by the unrecorded option under the public records doctrine. Id. Therefore the eviction was made executory.
The Court relied on Julius Gindi & Sons v. E.J.W. Enterprises, 438 So.2d 594 (La. App. 4th Cir.1983), which held that renewal of Julius Gindi's lease with a previous owner of the leased property is not binding on the current owner (defendant E.J.W. Enterprises) because the option to renew was not recorded. The Court stated:
The duty to inquire should be limited only to recorded instruments because unrecorded instruments have no effect upon third parties.
Id. at 596. However, Julius Gindi further held that the current owner also is not bound by the lease because it did not contractually accept the lease, distinguishing Stanley v. Orkin Exterminating Co., 360 So.2d 225 (La. App. 1st Cir.1978) and Knowles v. Wholesale Electronic Supply of Shreveport, Inc., 388 So.2d 426 (La.App. 2d Cir.1980).
Stanley v. Orkin Exterminating Co., supra, held the public records doctrine was inapplicable and the purchaser was bound by an unrecorded lease where the purchaser contractually assumed the lease. Although the sale was silent as to the lease, the purchase agreement stated that the sale was subject to the lease.
Knowles v. Wholesale Electronic Supply of Shreveport, Inc., supra, held that the purchaser was not bound by a lease because the lease was unrecorded and there was no showing that the purchaser intended to purchase subject to the lease.
Motwani v. Fun Centers, Inc., 388 So.2d 1173 (La.App. 4th Cir.1980) supports the non-applicability of the public records doctrine under analogous facts. A May 1976 lease to Fun Centers, Inc. was not recorded; a January 1977 sublease to Playgirl Shops of America, Inc. was recorded. The property was subsequently sold and the vendees executed an Assignment of Lease, Rents and Profits in favor of National American Bank as additional security for the debt. The assignment referenced the lease and sublease and was recorded. On February 24, 1978 plaintiffs purchased the property subject to an exception to the warranty of unencumbered title, the assignment of leases. Plaintiffs also executed a separate assignment of lease, rents and profits to National American Bank. That assignment specifically acknowledged the lease and sublease and assigned the sublease. This Court affirmed the trial court's denial of plaintiffs' rule to evict and held:
(T)he plaintiffs, with full knowledge, expressly assumed the lease obligations of their vendors and simultaneously acknowledged this assumption by means of an assignment of the lease to the bank. Because plaintiffs contractually assumed the obligation of the lease, the lease became their obligation and the Public Records Doctrine was rendered inapplicable.
Motwani, 388 So.2d at 1175.
Julius Gindi is distinguishable and the reasoning of Motwani controls. Unlike the new owner in Julius Gindi, Avenue Plaza assumed the terms and conditions of the defendants' lease in the Assignment of Tenant Leases executed the same day as the Act of Sale. Although the assignment was executed after expiration of the original term of the lease, it states that the lease was still in effect to the best of the assignor's knowledge. Avenue Plaza assumed the obligations of that lease, including those flowing from the valid exercise of the option to renew. Under those facts, Avenue Plaza ceases to be a "third party purchaser" protected by the public records doctrine and is bound by the assignment. This is not an exception to the public records doctrine; rather it is outside the purview of the public records doctrine.
The prior appeal in the eviction proceeding does not address that distinguishing fact. The opinion notes that the property transfer was "made subject to an assignment of leases clause" but does not mention the separate Assignment of Tenant Leases. That assignment is determinative and removes this case from the scope of the public records doctrine.
Avenue Plaza did not show that it is entitled to summary judgment as a matter of law.

*845 Exercise of Option to Renew

Avenue Plaza asserts in its appellee brief that the plaintiffs did not properly exercise the option to renew and the option is without effect. Whether an option to renew is properly exercised is a question of fact. See New Hotel Monteleone, Inc. v. Depp's Bull Corner, Inc., 598 So.2d 721, 724 (La. App. 4th Cir.1992), which held that once the lease expired, the lessee had the burden to prove it exercised the option to renew. The Court applied the clearly wrong standard to affirm the trial court's conclusion that the lease was not renewed.
The record in this case contains no competent evidence concerning plaintiffs' attempt to renew. Avenue Plaza's memorandum in support of motion for summary judgment attaches a regular copy of plaintiffs' renewal letter and the return receipt. It is unclear whether that copy was admitted into evidence. No affidavit or deposition was admitted in support of summary judgment. Because the trial court did not decide the validity of the renewal and there is no competent evidence in the record, a material issue of fact remains.
Summary judgment was improper. The judgment is reversed and the matter remanded.
REVERSED.
LANDRIEU, J., concurs.
LANDRIEU, Judge, concurring:
The opinion which this writer authored in the eviction proceedings between the parties affirming lessee's eviction was based solely on the public records doctrine. Avenue Plaza, L.L.C. v. Falgoust 94-2491 (La.App. 4th Cir. 4/26/95), 654 So.2d 838, 839, writ denied 95-1302 (La. 6/30/95) 657 So.2d 1040. The law as stated in that opinion is correct but, under the facts presented here, the result reached was clearly wrong. Avenue Plaza, L.L.C., bound itself to the seller and seller's lessee in the "Assignment of Tenant Leases" and in so doing assumed seller's obligations with respect to the lessee. Clearly, the purpose of the public records doctrine is to protect the purchaser of real property, not to relieve him of his contractual obligations to the seller or to the lessee whom he agreed to protect. Accordingly, I respectfully concur.