676 So.2d 1077 (1996)
AVENUE PLAZA, L.L.C.
v.
Sandra B. FALGOUST and Carl Chastant d/b/a Casan Salon.
No. 96-C-0173.
Supreme Court of Louisiana.
July 2, 1996.
*1078 Salvador Anzelmo, Michael James Laughlin, New Orleans, for Applicant.
Regal L. Bisso, Bonnie Lynn Zakotnik, Hulse & Wanek, New Orleans, for Respondent.
WATSON, Justice.[1]
This case concerns the doctrine of res judicata.

FACTS
On August 31, 1981, the defendants, Sandra B. Falgoust and Carl Chastant leased beauty salon property in a building at 2115 St. Charles Avenue from Mora-Osborne Garden District Apartments Partnership. The ten-year lease contained a renewal option. The lease was recorded in Orleans Parish. The defendants exercised their option to renew in 1991, but the lease renewal was not recorded.
Mora-Osborne Garden District Apartments Partnership sold the property and it was eventually purchased by Ocean Development Group, Inc. Avenue Plaza, LLC, bought the property from Ocean Development on February 11, 1993. The sale was made subject to leases affecting the property. Avenue Plaza received an "Assignment of Tenant Leases" from Ocean Development, which included the Falgoust/Chastant[2] (Casan Salon) lease.
On October 21, 1993, Avenue Plaza filed a petition in the Civil District Court for the Parish of Orleans, seeking a declaratory judgment and Casan Salon's eviction. On November 8, 1993, the defendants filed an exception of improper cumulation of actions. The trial court granted the exception and ordered Avenue Plaza to amend its petition.
Meanwhile, in 1994, Avenue Plaza filed a separate eviction proceeding. In that suit, *1079 the trial court ruled that Avenue Plaza was not bound by the unrecorded lease renewal and granted the eviction.
On June 30, 1994, Avenue Plaza filed a motion for summary judgment in the declaratory judgment action arguing that the unrecorded lease renewal was not binding. On September 1, 1994, the trial court granted summary judgment, holding Avenue Plaza entitled to possession, because it was not bound by the unrecorded lease renewal.
On April 26, 1995, the court of appeal affirmed the trial court's judgment in the eviction suit. The court of appeal held that unrecorded instruments have no effect on third parties, because Louisiana law limits the duty of inquiry to the public records. On June, 30 1995, this Court denied a writ in the eviction suit. Avenue Plaza, L.L.C. v. Falgoust, 94-2491 (La.App. 4 Cir. 4/26/95), 654 So.2d 838, writ denied, 95-1302 (La.6/30/95), 657 So.2d 1040.
Subsequently, on October 26, 1995, the court of appeal rendered its decision in the declaratory judgment action. The court of appeal concluded that the prior appeal, which held that Avenue Plaza was not bound by the unrecorded lease renewal, did not preclude re-litigation of the matter. Since the eviction proceeding did not address Avenue Plaza's assumption of the Falgoust/Chastant lease, the court concluded its prior holding was clearly wrong and an obvious injustice. The court of appeal applied the law of the case doctrine and reversed the trial court's summary judgment. Avenue Plaza, L.L.C. v. Falgoust, 95-0380 (La.App. 4 Cir. 10/26/95), 663 So.2d 841.
A writ was granted to determine whether the doctrine of res judicata should have been applied by the court of appeal to preclude modification of the prior court of appeal eviction suit judgment. 96-0173 (La.3/29/96), 670 So.2d 1225.

LAW
Res judicata bars relitigation of a subject matter arising from the same transaction or occurrence of a previous suit. LSA-R.S. 13:4231. It promotes judicial efficiency and final resolution of disputes. Terrebonne Fuel & Lube v. Placid Refining, 95-0654, 95-0671, pp. 11-12 (La.1/16/96); 666 So.2d 624, 631. A judgment determining the merits of a case is a final judgment. La. C.C.P. art. 1841. See also, Tolis v. Board of Sup'rs of Louisiana State University, 95-1529 (La.10/16/95); 660 So.2d 1206. A valid and final judgment is conclusive between the same parties, except on appeal or other direct review. LSA-R.S. 13:4231. If a certiorari application is filed, the court of appeal judgment becomes final and definitive when the supreme court denies the application for certiorari. La.C.C.P. art. 2166D.
A final judgment from which there can be no appeal acquires the authority of the thing adjudged. La.C.C. art. 3506(31). Once a final judgment acquires the authority of the thing adjudged, no court has jurisdiction to change the judgment, regardless of the magnitude of the final judgment's error. Tolis at 3; 660 So.2d at 1206-1207.

DISCUSSION
Avenue Plaza's application for writ of certiorari in this Court contends that the court of appeal erred in not following the doctrine of res judicata as to the legal effect of the eviction suit judgment.
Plaintiff filed the declaratory judgment action in October 1993, prior to the eviction suit in 1994. However, the court of appeal's eviction suit decision preceded the declaratory judgment decision. While the declaratory judgment appeal was pending, this Court denied the eviction suit writ application. The judgment in the eviction suit became final when certiorari was denied, which was prior to the declaratory judgment appellate opinion La.C.C.P. art. 2166D.
In rendering its declaratory judgment decision, the court of appeal applied the law of the case doctrine and reconsidered the issue of whether the unrecorded lease renewal was binding. The "law of the case" doctrine applies to parties who have previously had the identical question presented and decided by an appellate court. Unlike the doctrine of res judicata, the law of the case is a discretionary guide. Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328, 332 *1080 (La.1972); See also Mayer v. Valentine Sugars, Inc., 444 So.2d 618, 620 (La.1984); Petition of Sewerage & Water Board of New Orleans, 278 So.2d 81, 83 (La.1973).
In 1990, the Legislature amended LSA-R.S. 13:4231, the Louisiana res judicata statute. Terrebonne Fuel addressed the amended statute. The original Louisiana doctrine of res judicata was based on a correctness presumption rather than a cause of action's extinguishment: a decided case precluded a second suit only if the prior suit involved the same parties, the same cause, and the same object of demand. Terrebonne Fuel at 12; 666 So.2d at 632. However, the amended res judicata statute's chief inquiry is whether the second action asserts a cause of action which arises out of the transaction which was the subject matter of the first action. Id.
The question before the court of appeal in the declaratory judgment action was the legal effect of the unrecorded lease renewal and Avenue Plaza's entitlement to possession of the property. Similarly, the eviction suit issue before the court of the appeal was whether the unrecorded lease renewal was binding on Avenue Plaza, the third party purchaser. The declaratory judgment action asserted a cause of action which arose out of the transaction which was the subject matter of the eviction suit (i.e. whether an unrecorded lease renewal option was binding on a third party purchaser). Therefore, the issue presented by the declaratory judgment action was determined by the court of appeal in the eviction suit. Accordingly, the doctrine of res judicata precluded re-litigation of the same question in the declaratory judgment action.
The court of appeal misapplied the discretionary law of the case doctrine to a final, definitive judgment. The doctrine of res judicata is not discretionary and mandates the effect to be given final judgments. The final judgment of eviction in the prior appeal was conclusive between the parties. Therefore, it precluded re-litigation of whether the unrecorded lease renewal was binding on Avenue Plaza, the third party purchaser.

CONCLUSION
The appellate court's judgment of April 26, 1995, affirmed the defendant's eviction. That judgment was a final judgment which became res judicata and conclusive between the parties when it was rendered, with the exception of appeal or other direct review. LSA-R.S. 13:4231. The judgment acquired the authority of the thing adjudged and became final and definitive when this court denied certiorari. La.C.C.P. art. 2166D. Thus, the April 26, 1995, judgment barred subsequent modification by the court of appeal. Accordingly, the court of appeal judgment of October 26, 1995, is reversed, and the trial court's summary judgment is reinstated.
REVERSED; TRIAL COURT JUDGMENT REINSTATED.
LEMMON, J., concurs and assigns reasons.
KIMBALL, J., concurs for reasons assigned by LEMMON, J.
LEMMON, Justice, concurring.
Under La.Rev.Stat. 13:4231(3), a judgment is conclusive in any subsequent action between the same parties "with respect to any issue actually litigated and determined if its determination was essential to that judgment." In the eviction action, the parties actually litigated the issue of whether plaintiff was bound by the unrecorded lease renewal, and defendant resisted eviction on the basis that plaintiff's purchase was subject to the leases assigned by the previous owner. The judgment against defendant in the eviction action precludes defendant's asserting the same issue in defense of the declaratory judgment action.
The court of appeal erred first in declining to address the res judicata issue, which was squarely presented, and then in misapplying the law of the case doctrine. That doctrine only applies when the same issue is presented to the same court that has previously decided that issue in the same case which has not become res judicata. The appellate decision under review involved an issue previously presented to the same court in a different case that has become res judicata.
NOTES
[1] Johnson, J., recused.
[2] The document erroneously refers to Sandra B. Falgoust as Sandra Osborne.