I,KIRBY, Judge.
Plaintiffs/Appellees Restaurant Indigo, Inc. and Resource Properties, Inc. filed a Rule for Possession against Defendants/Appellants Westley Willie Thompson and Oasis Bar. The trial court granted possession to Indigo and ordered Thompson to vacate the premises. From this judgment Thompson appeals.
Thompson originally entered into a lease agreement for the property in question, 2285 Bayou Road in New Orleans, with the previous owner, Perry L. Roach. This lease was for a term of five years, beginning September 1, 1991, and ending August 31, 1996, and included an option to renew for an additional five-year term.
Thompson exercised his option to renew in early August of 1996; however, the exercise of this option was not recorded. Instead, Thompson filed a copy of the original lease - absent any reference to a renewal of the lease - with the Orleans Parish Recorder of Mortgages on September 16, 1996. Thompson continued his possession of the property, and to pay rent to Roach, through April of 1998.
| ^Indigo purchased the property from Roach in early March of 1998. On March 12, 1998, Indigo sent a letter to Thompson, informing him of their acquisition of the property, and of Indigo’s intent to enforce its rights under the lease.
A few months later, Indigo desired possession of the premises and served Thompson with a notice to vacate, asserting that Thompson was only on a month-to-month lease. On July 1, 1998, Thompson, acting under the belief that he possessed a five-year lease, refused to vacate the property; Indigo then initiated the present case by filing a rule for possession. The trial court found that Thompson had not properly recorded the lease renewal, and as such, whatever renewal took place between Thompson and Roach had no effect on third parties such as Indigo. The trial court further found that the letter from Indigo did not constitute acknowledgment of the renewed lease. Accordingly, Thompson was ordered to vacate the premises.
Thompson makes two assignments of error against the trial court. We will first address his argument that the trial *1273 court erred in holding that he did not properly record his exercise of the option to renew.
Thompson does not dispute that the customary method of exercising the option would be the filing of a written instrument demonstrating his exercise of that option; however, he argues that his filing a copy of the original lease with the Recorder of Mortgages should suffice. He suggests that this recordation put third parties on notice of his leasehold interest in the property potentially through |3August 2001; Thompson goes so far as to state that there could be no other conceivable reason for recording the lease after the expiration of the original term.
In reply, Indigo notes both the public record doctrine and the jurisprudence strongly indicate that leases and their renewals must be properly recorded in order to be binding upon third parties. Indigo further correctly identifies itself as a third party in this situation.
The public records doctrine, as laid out in La.Rev.Stat. Ann. 9:2721 - 2759, states that no lease affecting immovable property is binding on or affects third parties unless and until it is filed for registry in the office of the parish recorder where the immovable is located. If not recorded, such a lease is binding between the two parties, but null and void so far as third parties are concerned.
This court has previously ruled that the exercise of an option to renew must be recorded to have binding effect on a third party. Julius Gindi and Sons, Inc. v. E.J.W. Enterprises, Inc., 438 So.2d 594 (La.App. 4 Cir.1983.) The mere existence of an option to renew does not oblige a third party purchaser to look outside the public record to determine the status of that option. Id.
Thompson’s assertion that his exercise of his option to renew should be understood from his recordation of the original lease is unpersuasive. This rerecorded lease is expired on its face. The plain language of the record alone binds third parties; neither the public records doctrine nor the case law requires that third parties infer rights or intentions beyond those explicitly described by the recorded ^documentation. The researcher of the public records has no duty to inquire outside the public record. Julius Gindi, supra.
As Thompson’s attempt at recordation was insufficient under the law, the trial court’s holding in this regard was correct. This assignment of error is therefore without merit.
In his second assignment of error, Thompson argues that the trial court erred in finding that Indigo did not acknowledge and assume the lease agreement and obligations.
Thompson correctly points out that unrecorded leases can be acknowledged and assumed by third parties. Stanley v. Orkin Exterminating Company, Inc., 360 So.2d 225 (La.App. 1 Cir.1978.) He argues that Indigo’s conduct immediately after purchasing the property acts as such an acknowledgment and assumption.
The facts of the Stanley case were straightforward; the unrecorded lease was explicitly mentioned in the new owner’s purchase agreement. This is not the case here. Indigo never explicitly assumed Thompson’s renewed lease. However, Thompson argues that Indigo’s intent to do so can be inferred from their actions toward and correspondence with him after their purchase of the property.
Thompson calls particular attention to the letter he received from Indigo just after the property’s purchase. Indigo expresses intent to enforce the lease agreement and its various provisions, and even suggested methods of terminating the lease agreement should Thompson wish to vacate the property. Thompson Largues that this letter serves as evidence of Indigo’s intent to assume the lease as renewed by him.
*1274 Thompson also invokes the case of Avenue Plaza, L.L.C v. Falgoust; in its first appearance before this court, we held that unrecorded instruments have no effect on third parties, as Louisiana law limits the duty of inquiry to the public records. 94-2491 (La.App. 4 Cir. 4/26/95), 654 So.2d 838, writ denied, 95-1302 (La.6/30/98), 657 So.2d 1040. Thompson, however, points to Avenue Plaza’s second appearance before this court; this court considered that the prior appeal did not preclude relitigation of the matter, as certain crucial issues had not been discussed. Specifically, we ruled that, where a purchaser specifically assumes the leases attached to the property it is buying, that purchaser is recognizing the lessee’s full rights under the renewed lease regardless of whether that renewal has been recorded. 95-0380 (La.App. 4 Cir. 10/26/95), 663 So.2d 841.
The Supreme Court later reversed the second Avenue Plaza holding, ruling that the reconsideration of the case was barred by res judicata. 96-0173 (La.7/2/96), 676 So.2d 1077. However, Thompson urges this court to rely upon the reasoning of that case, and find that the letter sent by Indigo reflected the assumption of his renewed lease.
Indigo counters his argument by-pointing out that Thompson did have a lease agreement with Indigo - but only a reconducted lease. A reconducted lease is created when an original lease agreement expires, but the tenant maintains possession of the leased property. All the rights and obligations of the original | please remain intact except for the duration, which is voided. Reconducted leases are month-to-month leases, and therefore subject to termination by either party on ten days notice. La. C.C. Arts. 2685 - 2689; Southern Ventures Carp. v. Texaco, 372 So.2d 1228 (La.1979.) As discussed above, whatever renewal Thompson executed was not recorded to be effective against third parties; given that fact, Indigo asserts that the only lease they inherited was the re-conducted lease, and they were simply attempting to assert those rights. The letter, they state, does not act as evidence of the assumption of Thompson’s renewed lease, merely a restatement of Indigo’s rights as a lessor with a reconducted lease.
Upon our review of the record, we agree; although certain passages of the letter could suggest that Indigo believed itself to be dealing with a lease of fixed duration, it contains no overt statements acknowledging Thompson’s renewal of the original lease. In the second Avenue Plaza case, the lessor had executed a specific “Assignment of Tenant Leases” with the previous owner, and had only purchased the property subject to the existing leases. Nothing so specific or compelling exists here. Indigo’s assent to the renewal could be implied, but the letter alone does not establish that assent.
Thompson further argues that Indigo acknowledged the renewed lease by complaining of violations of the lease agreement in its original rule for possession; he questions how he could be accused of violating a lease that Indigo suggested did not exist. This argument is ill-founded; as Indigo did have a reeonducted lease with Thompson, all provisions of the original lease agreement except duration 17remained valid. Thompson could be held accountable for any potential violations of those provisions, and Indigo’s attempt to enforce them was within the rights of the lessor. This assignment of error has no merit.
For the reasons given above, the judgment of the trial court in favor of defendants Restaurant Indigo and Resource Properties is affirmed.
AFFIRMED.