PER CURIAM.
Granted. We make no determination as to the propriety of any cumulation of actions which may or may not have occurred. However, under the circumstances, and in consideration of the judicial inefficiency created by requiring some number of these actions to be dismissed, then refiled and the fact that the plaintiffs petition had been pending for over seven months before the judge’s ruling on the defendant’s exception of improper cumulation, the trial judge misused his discretion when he chose to require the plaintiffs to amend their petition and dismiss all actions they could not pursue together. See Jones v. Arnold, 589 So.2d 1 (La.1991). Rather, under the circumstances of this case, the trial judge should have ordered separate trials pursuant to La.C.C.P. 464. However, we specifically reserve the trial court’s authority to consolidate any of these actions which involve a common issue of law or fact together for whatever stage of the proceedings it is deemed necessary or useful. La.C.C.P. 1561.
Accordingly, the judgment of the district court is set aside, and the court is ordered to order separate trials for all plaintiffs, subject to the trial court’s authority to consolidate these actions.