hWALTZER, Judge.
STATEMENT OF THE CASE
Dianna Zenon, a resident of Vermilion Parish, Louisiana, filed suit on 30 August 1990 against Delchamps, Inc., a foreign corporation doing business in' Louisiana, for damages allegedly sustained on 16 December 1989 when Zenon slipped and fell on a foreign substance in the aisle of a Delchamps food store located in Abbeville, Louisiana. The citation was stamped “Received” on 11 September 1990, three months prior to the tolling of the one year tort prescription. Del-champs was not served until 20 February 1991, after prescription had run. Delchamps filed an exception of improper venue which was ultimately granted and the case was transferred to the 21st Judicial District Court for the Parish of Tangipahoa 7 February 1995.
The record evidences the following chronology:
22 June, 1992: Zenon filed a first amended petition adding as defendants the Civil Shériff for the Parish of Orleans and the Clerk of the Civil District Court for the Parish of Orleans, for damages allegedly sustained by a delay in service of process of the original petition.
27 March, 1995: Zenon filed a second amended petition specifically naming Paul A. Valteau, Jr. and Dale N. Atkins.
10 May 1995: Valteau filed exceptions of improper venue, improper cumulation of actions and failure to obtain leave of court to file the first and second amended petitions.
7 June 1995: Atkins filed exceptions of improper cumulation of actions and of improper venue in Tangipahoa Parish. Zen-on’s claim against Delchamps was dismissed on an exception of prescription. [¡The judgment is not in the record on appeal. Following Delchamps’s dismissal, Atkins and Valteau successfully moved to transfer the case back to Civil District Court for Orleans Parish.
24 October 1997: The dilatory exceptions of improper cumulation were heard.
7 November 1997: Zenon filed a third amended petition, deleting the prayer for relief and assertion of claims against Del-champs.
10 November 1997: The trial court rendered judgment maintaining the dilatory exceptions and dismissing Zenon’s claims against Atkins and Valteau.
15 December 1997: Atkins filed a peremptory exception of res judicata to the third amended petition.
23 January 1998: Atkins’s office mailed a notice of the 10 November 1997 judgment to Zenon.
30 January 1998: Zenon filed a motion for a new trial of the dilatory exceptions.
2 February 1998: Motion for new trial was denied.
11 February 1998: Valteau filed a memorandum in support of the perempto: ry exception of res judicata; however, the exception' itself is not in the record on appeal.
13 February 1998: The trial court granted the exceptions of res judicata and notice was sent to all counsel that day.
19 February 1998: Zenon filed a motion for devolutive appeal of the November judgment.
23 February 1998: Zenon filed a motion for devolutive appeal of the February judgment.
We reverse the trial court’s judgments on all exceptions and remand for further proceedings.
FIRST AND SECOND ASSIGNMENTS OF ERROR: The trial court erred in [¡granting the exception of improper cumu-lation of actions and dismissing plaintiff’s claims.
Before addressing the merits of these related assignments of error, we reject Val-teau’s contention that the appeal from the judgment of. 10 November 1997 was untimely. The record shows that notice of the signing of the judgment was not directed to Zenon until 23 January 1998. Within seven days, Zenon moved for a new trial, and filed her. motion to appeal within ten days of the trial court’s denial of the motion for new trial.
*544 Except in the case of homologation of a succession representative’s tableau of distribution, where judgment is not rendered on the same day as trial, with all parties present or represented at the hearing, the clerk of court has a mandatory duty to mail a copy of the judgment to all parties or their counsel. La.C.C.P. art. 1913 B. When notice of judgment is required by La.C.C.P. art. 1913 B, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the required notice of judgment. La.C.C.P. art. 1974. Under the facts of this case, the delay began to run on 24 January 1998, and Zen-on’s motions for new trial and for devolutive appeal were timely.
The exception of improper cumulation of actions is dilatory in nature. La.C.C.P. art. 926 A(7). As such, its function merely is to retard the progress of the action, but not to defeat the action. La.C.C.P. art. 923.
Where the trial court does not lack jurisdiction and venue is proper, the trial court should allow the plaintiff to amend his suit or to file a new suit to correct the improper cumulation, or to order separate trials of the actions. La.C.C.P. art. 464. See, Asbestos Plaintiffs v. Borden, Inc., 607 So.2d 564 (La.1992).
While we agree with the trial court that the negligence action against [(Delchamps arose from facts and circumstances that lack commonality with the bases of the malfeasance and negligence actions brought against Atkins and Valteau, we find that the court erred in applying the harsh remedy of dismissing the Atkins and Valteau actions. Indeed, by the time judgment was rendered on the dilatory exceptions, the Del-champs action had been dismissed. The only actions remaining in the litigation were those brought for malfeasance and negligence against Atkins and Valteau. Had the Del-champs claim still been pending at the time the trial court rendered judgment on the exceptions of improper cumulation, the Del-champs claim could have been severed for separate trial or the Atkins and Valteau claims could have been refiled as a separate suit. See, Jones v. Arnold, 589 So.2d 1, 2 (La.1991). As it was, the Delchamps action had been dismissed, and Zenon’s amended petition, asserting claims only against Atkins and Valteau, cured the original cumulation defect.
Although not asserted by Atkins and Val-teau below, the judgment of the trial court suggests that the cumulation of actions is improper not only as between Delchamps on the one hand and Atkins and Valteau on the other, but also as between Atkins and Val-teau. The essential claim against Atkins and Valteau is that through mislabelling by Atkins’s office or neglect by that office and Valteau’s office service of the petition on Delchamps was not made within the prescriptive period. We find no improper cumu-lation as between the claims against Atkins and against Valteau; indeed, justice is best served by disposing of these claims before and by the same trier of fact, who can properly apportion the fault, if any, between the two offices.
Even were the actions determined to be improperly cumulated, dismissal without leave to amend is not the correct remedy. The court creates judicial [-Inefficiency by-requiring one of the actions to be dismissed and then begun anew, where extensive discovery has taken place, as in the instant case. In such a case, a trial judge abuses his discretion in refusing simply to order separate trials of the improperly cumulated actions. Id. In no event is the proper remedy dismissal of both actions.
THIRD ASSIGNMENT OF ERROR: The trial court erred in granting the exception of res judicata filed by Atkins.
Res judicata bars relitigation of a subject matter arising from the same transaction or occurrence of a previous suit. La.R.S. 13:4231. A valid and final judgment is conclusive between the same parties, except on appeal or other direct review. Id. A final judgment from which there can be no appeal acquires the authority of the thing adjudged. La.C.C. art. 3506(31); Avenue Plaza, L.L.C. v. Falgoust, 96-0173 (La.7/2/96), 676 So.2d 1077, 1079.
On 13 February 1998, when the trial court granted judgment maintaining the peremptory res judicata exceptions, the judg *545 ment on the exceptions of improper cumulation was not final. At that time, Zenon’s motion for new trial had been denied and the delay for devolutive appeal had not yet expired. Therefore, the trial court acted prematurely in maintaining the peremptory exceptions of res judicata.
FOURTH ASSIGNMENT OF ERROR: The trial court erred in granting an exception of res judicata in favor of Valteau when the record contains no such exception filed on his behalf.
For the reasons set forth in our analysis of the Third Assignment of Error, this assignment is moot.
CONCLUSION AND DECREE
The trial court’s judgment maintaining the defendants’s exceptions of res judicata is reversed. The trial court’s judgment maintaining the defendants’s exceptions of improper cumulation of actions is reversed and the ease is remanded for further proceedings in the trial court in conformity with this opinion. Costs on appeal are assessed against appellees.
REVERSED AND REMANDED.
ARMSTRONG, J., CONCURS.