865 So.2d 903 (2004)
LIFEMARK HOSPITALS OF LOUISIANA, INC. d/b/a Kenner Regional Medical Center
v.
GULF SOUTH MEDICAL AND SURGICAL INSTITUTE, INC.
No. 03-CA-1122.
Court of Appeal of Louisiana, Fifth Circuit.
January 27, 2004.
Rehearing Denied February 20, 2004.
*904 Daniel A. Ranson, Glenn D. Price, Jr., Windhorst, Gaudry, Ranson, Higgins and Gremillion, L.L.C., Oakwood Corporate Center, Gretna, LA, for Plaintiff-Appellee.
Richard J. Tomeny, Jr., Metairie, LA, for Defendant-Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA and WALTER J. ROTHSCHILD.
EDWARD A. DUFRESNE, Jr., Chief Judge.
This is an appeal by Gulf South Medical and Surgical Institute, Inc. and Dr. George A. Farber, Sr., defendants-appellants, from a judgment awarding back rent, liquidated damages and attorney fees totaling $273,240.26 under a lease agreement to *905 Lifemark Hospitals of Louisiana, Inc. d/b/a Kenner Regional Medical Center, plaintiff-appellee. For the following reasons we amend the judgment to eliminate the award of liquidated damages equal to one year's rent in the amount of $123,125.52. In all other respects, the judgment is affirmed.
The basic facts are not disputed. In 1993, Gulf South entered into a five year lease for a building then owned by The Travelers Insurance Co. The building was acquired by Lifemark and the lease was amended several times to extend its term until May 4, 2000. As that date approached, Lifemark notified Gulf South that it intended to take possession of the premises at the end of the term. Gulf South requested and was granted a two month extension to July 4, 2000 so that it could move out in an orderly fashion. As of July 5, Gulf South was still in the premises, so Lifemark instituted an eviction proceeding. However, it was discovered that Lifemark had accepted rents for at least July, and that suit was dropped. Gulf South also paid rent for August and September, which rents were also apparently accepted by Lifemark.
Lifemark then filed a second eviction proceeding on October 12, 2002, and subsequently amended this petition to seek liquidated damages and attorney fees as well. Because Gulf South had in the interim filed for bankruptcy protection, the eviction action was delayed until December 20, 2000, at which point this claim had apparently been dismissed from the bankruptcy action. On that latter date a judgment of eviction was entered, but the issues of damages and attorney fees were not taken up at the hearing. Gulf South suspensively appealed, and remained on the premises until April 9, 2001. During that period it continued to pay the basic monthly rent. Upon vacating, Gulf South also dismissed its appeal of the judgment of eviction.
Lifemark then moved to set the issues of damages and attorney fees for trial. That trial was held on January 29 and February 24, 2003, and judgment was rendered on May 8. That judgment was for liquidated damages of one year's base rent of $123,125.52, holdover rent of $123,125.52, and attorney fees of $22,287.00, all bearing interest at 18%. Gulf South now appeals.
The first issue raised here is procedural. Gulf South asserts that the first judgment of eviction, which was silent as to damages, is a bar to the second trial for damages on grounds of res judicata. We reject this argument. In Friedman v. Hofchar, Inc., 424 So.2d 496 (La.App. 5th Cir.1982) this court pointed out that an action for eviction is a summary proceeding which only results in recovery of the leased premises. If a lessor seeks further relief, it must do so via an ordinary proceeding. In the present case, Lifemark sued for eviction in a summary proceeding, and recovery of damages was not available in that action. That suit could not, therefore, have preclusive effect as to the damages proceeding at issue here.
Gulf South also raises issues as to whether Lifemark can recover both liquidated damages of one year's rent, as well as holdover rentals of two and one-half the basic monthly rentals. The provisions of the lease agreement applicable to these questions are as follows.
25. Remedies of Lessor
(a) If a default occurs, Lessor is entitled, at Lessor's sole option, to exercise any one or more of the following remedies:
(i) Lessor may terminate this Lease and immediately expel Lessee without, however, waiving Lessor's right to collect all installments of Rent for the period *906 up to the time Lessor regains possession of the Leased Premises, together with liquidated damages (not as a penalty) in the amount of one year of Basic Annual Rent and one year of Additional Rent, each calculated at the rate payable under this Lease at the time of default, Lessee hereby assenting thereto and expressly waiving all legal notice to vacate the Leased Premises, including without limitation the notice requirements of Louisiana Code of Civil Procedure article 4701....
(b) If Lessor employs one or more attorneys to enforce the payment of rent, or the obligations of Lessee or rights of Lessor under this Lease, then Lessee hereby agrees to pay the fees of such attorney or attorneys, and Lessee further agrees to pay all court costs and other related expenses, and such fees, costs, and expenses will be deemed to be Rent payable by Lessee upon demand of Lessor. Any one or more installments of Rent(including any such installments that may become due and payable pursuant to Lessor's right to accelerate the Rent as provided hereinabove) not paid within seven (7) days after the date on which it is due will bear interest at the rate of eighteen percent (18%) per annum or the highest rate permitted by law, whichever is less (as well after as before judgment), beginning with the date any such installment is due and ending with the date Lessee pays any such installment to Lessor....
27. Holdover. If, upon the Expiration Date or the date of earlier termination of this Lease, Lessee fails to vacate or deliver possession of the Leased Premises to Lessor, then this Lease shall become a month to month tenancy, subject to all terms and conditions set forth herein; provided, however, that the Lessee shall pay to Lessor, by way of liquidated damages, and not as a penalty, two and one-half (2½) times the monthly Basic Annual Rent at the then current rate (such sum being hereafter referred to as the "Holdover Rent") for each month Lessee occupies any part of the Leased Premises together with Additional Rent and any other sums payable hereunder, commencing with the Expiration Date or the date of any earlier termination of this Lease and ending with the date that Lessee vacates or delivers possession of the Leased Premises to Lessor. The Holdover Rent shall be payable monthly in advance on the first day of each month. The Holdover Rent shall not be prorated for partial months, and Lessee hereby acknowledges and agrees that the Holdover Rent shall be paid in monthly increments, even if Lessee remains in possession of the Leased Premises for less than a complete month. Notwithstanding anything to the contrary herein, Lessor expressly reserves all rights under applicable law to evict Lessee from the Leased Premises if Lessee fails to vacate or deliver possession of the Leased Premises to Lessor upon the Expiration Date or the date of any earlier termination of this Lease, and Lessee expressly waives all legal notice to vacate the Leased Premises, including without limitation the notice requirements of Louisiana Code of Civil Procedure article 4701.
The trial judge ruled that the lease had terminated on July 4, 2000, and that Gulf South's continued occupancy of the premises was a breach of the lease thus subjecting it to liquidated damages of one year's basic rent, or $123,125.52, as per Paragraph 25(a)(i), as well as the holdover rent of two and one-half times the base rent of Paragraph 27. He further found that Gulf South had remained on the premises for an additional eight months after termination, *907 during which time it paid the base rent, thus leaving a sum owing of only one and one-half times the eight months rent, or $123,125.52.
The finding that Gulf South breached the lease by remaining on the premises beyond the termination date of July 4, 2000 was error. The lease specifically provides in Paragraph 27 that failure of the lessee to vacate the premises at the end of the term converts the lease to a month to month tenancy at an increased rental of two and one half times the base rent. Thus Gulf South's continued occupancy of the premises was not in contravention of the lease and the trial judge erred in finding otherwise.
Lifemark asserts here that to interpret the lease in this way would be to give Gulf South an unlimited right to occupy the premises. While this argument has some force, it points out the apparent ambiguity in the agreement as to what happens when the term of the lease has run. Article 2056 of the La. Civ.Code provides that in cases of ambiguity a contract is to be construed against the party providing the text. Thus, we find that upon expiration of the term the lease was automatically converted to a month to month lease and Gulf South's continued occupancy was not a breach of that agreement. In this circumstance, the award of damages amounting to one year's rent under Paragraph 25(a)(i) for failure to vacate at the expiration of the term must be set aside.
We also note that Paragraph 25(b) provides that rent not paid promptly bears interest at 18% from date due until paid. We interpret this clause to mean that the lease anticipated that rent might be late and provided an interest penalty rather than an automatic termination. While Gulf South was paying only the base rent during its continuing occupancy, rather than two and one-half times the base rent, this unpaid rent accrued with interest. Therefore that portion of the judgment awarding Lifemark the additional one and on-half the base rent plus 18% interest for the holdover period is correct and we so hold.
Gulf South next argues that it was error to reject its claim that Lifemark had itself breached the lease by failing to pay for damages occasioned by a broken water pipe. We reject this argument. Paragraph 5 of the lease specifically provides that the lessee shall be responsible for water lines and thus Lifemark was not under any obligation to pay for the damage occasioned by the leak.
The final issue here concerns attorney fees of $22,287. Paragraph 25(b) provides that if the lessor is required to employ counsel to enforce any of its rights relating to the lease, then lessee shall be liable for payment of those fees. As shown above, Lifemark was entitled to additional unpaid rents and employed counsel to enforce this right. The trial judge found the fee to be reasonable in light of the extent of this litigation, and we find no error in that conclusion. We therefore affirm the portion of the judgment awarding attorney fees.
For the foregoing reasons the judgment is amended to vacate that portion of the award for one year's rent of $123,125.52. In all other respects the judgment is affirmed.
JUDGMENT AMENDED TO VACATE AWARD OF RENT; IN ALL OTHER RESPECTS, AFFIRMED.