MARC E. JOHNSON, Judge.
 

 | .¿Plaintiffs/Appellants, Ron Graci and Sunkissed Tanning Studios, L L.C., appeal the summary judgment and/or Judgment on the Pleadings granted in favor of Defendant/Appellee, Gasper Palazzo, L.L.C. through a Motion for Reconsideration in the 24th Judicial District Court. For the following reasons, we reverse and remand to the trial court for further proceedings.
 

 FACTS
 

 According to the pleadings, this case arises from a breach of a commercial lease between lessees, Plaintiffs, and lessor, Defendant, for the rental of real property in the Colannadas Plaza for a term of three years. The lease commenced on March 1, 2004 and was intended to terminate on March 1, 2007. Plaintiffs constructed a tanning salon build-out on the property, which was stipulated to by both parties in the lease.
 

 On August 29, 2005, Hurricane Katrina struck Louisiana and caused extensive damage to the tanning salon. According to the lease, Plaintiffs were allowed to exercise the option to have the leased premises “reconstructed, at the expense of the Lessor, in substantially the same manner as the same existed prior |3to said casualty.” In addition, the lease provided that the rent was abated from the date of the casualty until the completion of the reconstruction of the leased premises. Although repairs were made by Defendant, Plaintiffs never reopened the tanning salon for business after Hurricane Katrina and did not pay any rent during the remaining months of the lease.
 

 Procedural History
 

 On October 6, 2006, Defendant filed an eviction proceeding against Plaintiffs in Slidell City Court. In return, Plaintiffs filed a Temporary Restraining Order in the 22nd Judicial District Court to enjoin the eviction. The Temporary Restraining Order was granted, and both parties agreed to continue the preliminary injunction hearing indefinitely pending negotiations. However, on January 29, 2007, defendant filed a Rule to Evict in the 22nd Judicial District Court. That district court granted the eviction on March 14, 2007. Plaintiffs did not appeal this judgment.
 

 On March 23, 2007, Plaintiffs filed suit against Defendant in the 24th Judicial Dis
 
 *917
 
 trict Court alleging breach of contract and wrongful eviction. Subsequently, defendant filed a Supplemental Petition in Re-convention for Unpaid Rent, Penalties and Attorney’s Fees in the 22nd Judicial District Court and filed an Exception of
 
 Lis Pendens
 
 in the 24th Judicial District Court on April 11, 2007. On May 23, 2007, the trial court in the 24th Judicial District Court denied the exception.
 

 Defendant filed a reconventional demand in the matter in the 24th Judicial District Court on June 26, 2007 for rent, penalties and attorney’s fees. Plaintiffs answered the reconventional demand on July 9, 2007. On July 23, 2007, Defendant filed a Motion for Partial Summary Judgment arguing that Plaintiffs’ claims were
 
 res judicata
 
 because they were disposed of in the 22nd Judicial District |4Court case. The trial court granted Defendant’s motion and dismissed all of Plaintiffs’ claims with prejudice.
 

 On April 29, 2008, Defendant filed a Motion for Summary Judgment and/or Judgment on the Pleadings seeking unpaid base rent, late charges, and attorney’s fees. On August 6, 2008, the trial court denied the motion and ruled that there were questions of fact remaining. Defendant, then, filed a Motion for Reconsideration for the Motion for Summary Judgment/Judgment on the Pleadings on August 26, 2008. At that hearing held on November 18, 2008, the trial court granted Defendant’s motion. On November 21, 2008, Plaintiffs filed a motion to supplement and amend their answer to the re-conventional demand.
 

 The judgment from the November 18, 2008 hearing was signed on December 3, 2008. The judgment awarded unpaid rent, late charges, attorney’s fees, and court costs with judicial interest until the award was paid by Plaintiffs. The trial court also denied Plaintiffs’ motion to supplement and amend their answer to the reconven-tional demand on December 3, 2008 because it was then moot. From these rulings on December 3, 2008, plaintiffs’ filed the suspensive appeal now before this Court.
 

 ASSIGNMENTS OF ERROR
 

 Plaintiffs allege that the trial court erred in granting Defendant’s Motion for Reconsideration rendering Plaintiffs’ liable for past due rent and attorney’s fees. Plaintiffs also present the following issues of law for review:
 

 1. Whether genuine issues of material fact exist regarding the condition of the reconstruction, such that rent will abate and regarding Defendant’s duty to mitigate his damages;
 

 2. Whether Plaintiffs should have been permitted to amend the Answer to allege failure to mitigate damages as an affirmative defense;
 

 |b3. Whether the award for damages was fair and reasonable;
 

 4. Whether defendant was unjustly enriched; and,
 

 5. Whether Plaintiffs’ claim for damages, including loss of business income, repayment of rent, attorney’s fees and penalties, is
 
 res judicata.
 

 LAW AND ANALYSIS
 

 Issue Numbers One and
 
 Five
 
 [1]
 

 It is well settled that appellate courts review summary judgments
 
 de novo. State ex rel. Dept of Transp. and Development v. Central Gulf Towing, L.L.C.,
 
 07-166, (La.App. 5 Cir. 10/30/07), 971 So.2d 1163, 1166,
 
 writ denied
 
 07-2304, 973 So.2d 761 (La.1/25/08). Appellate courts ask the same questions the trial
 
 *918
 
 court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.
 
 Hood v. Cotter,
 
 08-0215 (La. 12/2/08), 5 So.3d 819, 824;
 
 Smith v. Our Lady of the Lake Hosp.,
 
 93-2512 (La.7/5/94), 639 So.2d 730, 750. Summary judgment is appropriate when it has been shown by the mover that “there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966.
 

 A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute.
 
 Hines v. Garrett,
 
 04-0806 (La.6/25/04), 876 So.2d 764, 765;
 
 Smith v. Our Lady of the Lake Hosp., Inc.,
 
 93-2512 (La.7/5/94), 639 So.2d 730, 751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate.
 
 Hines
 
 at 765, 766.
 

 | fiSummary proceedings are those which are conducted with rapidity, within the delays allowed by the court, and without citation and the observance of all the formalities required in ordinary proceedings. La. C.C.P. art. 2591. La. C.C.P. art. 2592 provides a list of the matters that can only be disposed of by a summary proceeding. An issue raised properly by a rule to show cause, e.g., a Rule to Show Cause Why Possession Should Not Be Delivered in an eviction proceeding, is disposed of summarily. La. C.C.P. art. 4731. The rule to show cause in an eviction proceeding is to determine whether or not possession of the property should be delivered to the lessor, not to determine reconventional demand claims. The adjudication of these claims and any other relief are determined via an ordinary proceeding.
 
 Lifemark Hospitals of Louisiana, Inc. v. Gulf South Medical and Surgical Institute, Inc.,
 
 03-1122 (La.App. 5 Cir. 1/27/04), 865 So.2d 903, 905;
 
 Friedman v. Hofchar, Inc.,
 
 424 So.2d 496 (La.App. 5 Cir.1982).
 

 In the case at bar, the trial court granted the Motion for Partial Summary Judgment based upon Defendant’s argument of
 
 res judicata.
 
 Defendant asserted that Plaintiffs presented their claims as defenses during the 22nd Judicial District Court eviction proceeding, and those defenses were denied. Defendant also asserted that Plaintiffs’ recourse from that judgment was to file an appeal. We do not agree.
 

 Plaintiffs did not have the opportunity to argue their claims during the eviction proceeding in the 22nd Judicial District Court. Plaintiffs could not present their claims for damages and mitigation during that summary proceeding because these claims must be adjudicated during an ordinary proceeding. The trial court in the 22nd Judicial District Court did make the determination that those claims were not valid as to why Plaintiffs should not have delivered the property to Defendant. However, that trial court did not rule as to whether or not Plaintiffs were entitled to 17damages or whether Defendant could have mitigated his damages. As a result, the issues raised by Plaintiffs in the 24th Judicial District Court proceeding were not barred by
 
 res judicata.
 
 These are issues that still need to be adjudicated by a court of competent jurisdiction.
 

 Therefore, we find that there are still issues of material genuine fact remaining for the 24th Judicial District Court to determine. The judgment is vacated, and the case is remanded for adjudication of these issues.
 

 Issue Number Two
 

 La. C.C.P. art. 1151 states that an answer may be amended only by leave
 
 *919
 
 of court or by written consent of the adverse party after the ten days have lapsed after the petition has been served. The decision as to whether to grant leave to amend or supplement a pleading is within sound discretion of the trial court, and its ruling will not be disturbed on appeal, except where an abuse of discretion has occurred and indicates a possibility of resulting injustice.
 
 Stockstill v. C.F. Industries, Inc.,
 
 94-2072 (La.App. 1 Cir. 12/15/95), 665 So.2d 802, 810,
 
 writ denied,
 
 1996-0149(La.3/15/96), 669 So.2d 428.
 

 Here, Defendant filed his Affirmative Defenses, Answer and Reconventional Demand on June 26, 2007. Plaintiffs did not file their motion to supplement and amend the answer to the reconventional demand until November 24, 2008. The judgment denying the motion to supplement and amend the answer was signed on December 3, 2008. The trial court denied the motion to supplement and amend the answer because it was a moot issue after the summary judgment/judgment on the pleadings in favor of defendant was signed.
 

 Considering this Court’s reversal of the granting of the summary judgment/judgment on the pleadings, the motion to supplement and amend the answer to the reconventional demand is no longer moot. Therefore, we reverse the | atrial court’s denial and remand this issue to the trial court to reconsider whether or not it will allow Plaintiffs to supplement and amend their answer.
 

 Issue Numbers Three and
 
 Four
 
 [2]
 

 The 24th Judicial District Court awarded Defendant unpaid rent, late charges, attorney’s fees, and court costs with judicial interest when the Motion for Summary Judgment/Judgment on the Pleadings was granted. Although not specifically stated, Defendant was also tacitly awarded the build-out on the property.
 
 [3]
 
 Considering the fact that this Court is reversing the partial summary judgment in favor of Defendant and the issues in both summary judgments are interrelated, we also reverse and vacate the granting of the summary judgment/judgment on the pleadings.
 

 CONCLUSION
 

 For the foregoing reasons, we reverse the trial court’s decision to grant the Motion for Partial Summary Judgment and the Motion for Summary Judgment/Judgment on the Pleadings in favor of Defendant. Additionally, we reverse the denial of the motion to supplement and amend the answer to the reconventional demand. We remand the case to the trial court for further proceedings. Defendant is to bear the costs of this appeal.
 

 REVERSED AND REMANDED TO TRIAL COURT FOR FURTHER PROCEEDINGS.
 

 [1]
 

 . Issue numbers one and five are interrelated and will be addressed together.
 

 [2]
 

 . Issue numbers three and four are interrelated and will be addressed together.
 

 [3]
 

 . Defendant was tacitly awarded the build-out because the trial court accounted for the build-out in the first denial of the summary judgment/judgment on the pleadings. However, the build-out was omitted in the subsequent judgment.