**OLD GENTILLY LANE LLC /**
**DANIEL VALVERDE**

**VERSUS**

**ROBLES, ALEX**

&ast;  NO. 2020-CA-0296

&ast;

  COURT OF APPEAL

&ast;

  FOURTH CIRCUIT

&ast;

  STATE OF LOUISIANA

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

APPEAL FROM
FIRST CITY COURT OF NEW ORLEANS
NO. 2019-08962, SECTION "D"
Honorable Ernestine L. Anderson-Trahan
&ast; &ast; &ast; &ast; &ast; &ast;
**Judge Joy Cossich Lobrano**
&ast; &ast; &ast; &ast; &ast; &ast;

(Court composed of Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge
Regina Bartholomew-Woods)


Max J. Koeck, IV
3500 N. Causeway Blvd., Suite 1070
Metairie, LA 70002

  COUNSEL FOR PLAINTIFF/APPELLEE

Alex Robles
3425 Ridgelake Drive, Apt. 218
Metairie, LA 70002

  DEFENDANT/APPELLANT, IN PROPER PERSON



        **AFFIRMED**

       **NOVEMBER 25, 2020**

This is an eviction case. Defendant/appellant, Alex Robles ("Robles"), appeals the November 12, 2019 judgment of the First City Court for the Parish of Orleans ("city court") in favor of plaintiffs/appellees, Old Gentilly Lane, LLC ("Old Gentilly") and Daniel Valverde ("Valverde"), ordering Robles' eviction. For the reasons that follow, we affirm.

The premises at issue is a commercial property located on Woodland Street in New Orleans (the "premises"). On July 1, 2019, Domenic Giunta ("Giunta"), a nonparty, owned the premises and entered into a verbal lease with Robles, wherein Robles would pay to Giunta $400.00 per month or provide Giunta with in-kind services in lieu of rent. Robles used a bay on the premises to conduct his business involving repairs and sales. The lease was not reduced to writing and was not recorded in the Orleans Parish mortgage or conveyance records. On September 20, 2019, Valverde and Maria Salazar, in their capacities as members of Old Gentilly, and Giunta executed an act of cash sale in which Giunta conveyed ownership of

the premises to Old Gentilly. It is undisputed that Robles has never entered into a lease with Old Gentilly and has never paid rent to Old Gentilly.

On October 21, 2019, Old Gentilly provided Robles with a five-day notice to vacate the premises. Robles refused to vacate, and on October 31, 2019, Old Gentilly and Valverde, as agent for Old Gentilly, filed a rule for possession of premises, seeking to evict Robles based on their allegations that Robles' verbal lease expired. On November 12, 2019, Robles, in proper person, filed an answer to the eviction, arguing that he and Giunta had an agreement that Robles was not required to pay rent until January 2020. Robles also contended that Valverde was interfering with Robles' business operations at the premises. In his answer, Robles requested a stay of the eviction and a "motion to join parties" to pursue claims against Old Gentilly, Valverde, and Giunta concerning sale or ownership of unidentified items located on the premises.

The eviction hearing went forward on November 12, 2019, where Robles, Valverde, and Giunta appeared in court and provided argument. Robles came forward with copies of the act of cash sale and a series of text messages between Giunta and Robles. According to the text messages, on September 21, 2019, Giunta represented to Robles that, despite the sale of the premises, Robles could remain and continue his work on the premises through December 31, 2019 and pay rent or provide in-kind services in lieu of rent to Giunta during that time. In subsequent text messages, however, Giunta conveyed to Robles that Valverde would not honor this arrangement and Robles would need to vacate the premises

2

by November 1, 2019. Following the hearing, on November 12, 2019, the city court rendered judgment ordering Robles' eviction. This suspensive appeal followed.

In reviewing a judgment of eviction, an appellate court reviews the lower court's findings of fact under the manifest error standard of review. *Mazzini v. Strathman*, 13-0555, p. 4 (La. App. 4 Cir. 4/16/14), 140 So.3d 253, 256. "Applying that standard, we must first find from the record that there is a reasonable factual basis for the lower court's findings of fact; second, the record must establish that the lower court's findings are not manifestly erroneous or clearly wrong." *Id.* (citing *Mart v. Hill*, 505 So.2d 1120, 1127 (La. 1987)). "Factual findings should not be reversed on appeal absent manifest error." *Id.* (citing *Rosell v. ESCO*, 549 So.2d 840, 844 (La. 1989)). "Where legal errors of the trial court have tainted the fact finding process, the verdict below is not reviewed under the manifest error standard and, if the record is complete, the appellate court may make a *de novo* review of the record and determine the preponderance of the evidence." *Hous. Auth. of New Orleans v. King*, 12-1372, p. 5 (La. App. 4 Cir. 6/12/13), 119 So.3d 839, 842.

On appeal, Robles contends that the city court erred in granting the eviction, and he raises two main issues. First, he argues that the city court erred in finding that Old Gentilly[1] was not bound by Robles' agreement with Giunta. Second,

---

[1] All of Robles' arguments throughout his brief refer only to "Daniel," meaning Daniel Valverde. The record on appeal reveals no dispute that Old Gentilly owns the premises and that Valverde appears only in his capacity as agent for Old Gentilly. *See generally* La. C.C.P. art. 4701; La. C.C.P art 4731. Thus, the inquiry here is whether the unrecorded lease is binding on Old Gentilly.

Robles argues that the city court erred in failing to stay the eviction and consider his claims against Old Gentilly, Valverde, and Giunta.

Addressing Robles' first argument, he contends in his brief that "text messages [are] a written record for an unrecorded lease agreement that legally binds the successor of property to its terms." He argues that, via text message, Giunta permitted Robles to remain on the premises and pay rent to Giunta through the end of the year 2019. We find no error in the city court's determination that Old Gentilly is not bound by Robles' unrecorded lease with Giunta.

Article 2712 of the Louisiana Civil Code makes clear that "[a] third person who acquires an immovable that is subject to an unrecorded lease is not bound by the lease…." Under Louisiana's public records doctrine, a lease of immovable property has no effect on third persons, such as a subsequent purchaser of real estate, unless the lease is "registered by recording it in the appropriate mortgage or conveyance records…" La. C.C. art. 3338.[2] If not recorded in the public record, however, a lease is "null and void so far as third [persons] are concerned." *Rest. Indigo, Inc. v. Thompson*, 98-2704, p. 3 (La. App. 4 Cir. 5/19/99), 733 So.2d 1271, 1273. Accordingly, relying on the public records doctrine, this Court has upheld a real estate purchaser's eviction of a lessee of an unrecorded lease, even where the purchaser had actual knowledge of the unrecorded lease. *See id.*; *see also Ave. Plaza, L.L.C. v. Falgoust*, 94-2491, p. 3 (La. App. 4 Cir. 4/26/95), 654 So.2d 838,

---

[2] "A lease may be made orally or in writing. A lease of an immovable is not effective against third persons until filed for recordation in the manner prescribed by legislation." La. C.C. art. 2681.

4

839 ("what is not recorded is not effective except as between the parties and, the actual knowledge by third parties of unrecorded interests is immaterial")(other citations omitted).

It is undisputed that Old Gentilly purchased the premises from Giunta on September 20, 2019 and no lease existed between Old Gentilly and Robles. The record on appeal contains no evidence that the lease between Giunta and Robles was filed for recording in the public record. The act of cash sale between Giunta and Old Gentilly has no provision that the lease was transferred with the conveyance of ownership of the premises. While courts of this state have recognized that third persons can acknowledge or assume an unrecorded lease or ratify obligations arising under a lease,[3] we find no record evidence that Old Gentilly, or Valverde acting on its behalf, acknowledged, assumed, or ratified the unrecorded lease here. Rather, all parties argue that Valverde asked Robles to pay rent and Robles refused to pay rent or to vacate the premises. We find no basis in the record or in law that would permit Robles to maintain possession of the premises. We conclude that La. C.C. art. 2712 applies to the facts of this case, and the unrecorded lease between Giunta and Robles is not binding on Old Gentilly. This argument lacks merit.

Robles' remaining arguments concern apparent wrongful eviction claims against Old Gentilly, Valverde, and Giunta. On the day of the eviction hearing,

---

[3] *E.g., Apex Realty, LLC v. Vidrine's of Gonzales, LLC*, 12-0530, p. 6 (La. App. 5 Cir. 3/13/13), 112 So.3d 301, 305 (citing *Rest. Indigo*, 98-2704, p. 4, 733 So.2d at 1273; *Means v. Comcast, Inc.*, 44,503, p. 5 (La. App. 2 Cir. 8/19/09), 17 So.3d 1012, 1015).

Robles sought to raise these claims in his answer to eviction, though he did not file any exceptions, reconventional demands, or third party demands. Robles argues that the city court erred in failing to stay the eviction pending joinder of necessary parties and adjudication of these claims. We find no error by the city court.

An eviction proceeding serves a limited function, and Louisiana courts have "pointed out that an action for eviction is a summary proceeding which only results in recovery of the leased premises." *Lifemark Hosp. of Louisiana, Inc. v. Gulf S. Med. & Surgical Inst., Inc.*, 03-1122, p. 3 (La. App. 5 Cir. 1/27/04), 865 So.2d 903, 905 (citing *Friedman v. Hofchar, Inc.*, 424 So.2d 496, 499 (La. App. 5th Cir. 1982)). The Louisiana Fifth Circuit Court of Appeal addressed a similar procedural question in *Graci v. Gasper John Palazzo, Jr., L.L.C.*, 09-0347, p. 6 (La. App. 5 Cir. 12/29/09), 30 So.3d 915, 918. The *Graci* court explained that the lessee's claims against the lessor for damages (wrongful eviction and breach of contract) must be adjudicated in an ordinary proceeding. *Id.* The lessee could not raise these claims during the eviction proceeding because a rule for possession of premises is a summary proceeding. *Id.* As the court explained:

> Summary proceedings are those which are conducted with rapidity, within the delays allowed by the court, and without citation and the observance of all the formalities required in ordinary proceedings. La. C.C.P. art. 2591. La. C.C.P. art. 2592 provides a list of the matters that can only be disposed of by a summary proceeding. An issue raised properly by a rule to show cause, e.g., a Rule to Show Cause Why Possession Should Not Be Delivered in an eviction proceeding, is disposed of summarily. La. C.C.P. art. 4731. The rule to show cause in an eviction proceeding is to determine whether or not possession of the property should be delivered to the lessor, not to determine reconventional demand claims. The adjudication of these claims and any other relief are determined via an ordinary proceeding. *Lifemark Hospitals of Louisiana, Inc. v. Gulf South Medical and*

> *Surgical Institute, Inc.*, 03-1122 (La. App. 5 Cir. 1/27/04), 865 So.2d
> 903, 905; *Friedman v. Hofchar, Inc.*, 424 So.2d 496 (La. App. 5 Cir.
> 1982).

*Id.*

In these circumstances, the eviction judgment did not bar the lessee's claim for damages under res judicata. *Id.*, 09-0347, p. 7, 30 So.3d at 918. *See also Hart v. Masur Dean*, 47,012, pp. 9-10 (La. App. 2 Cir. 3/7/12), 90 So.3d 30, 35; *Horacek v. Watson*, 06-0210, pp. 4-5 (La. App. 3 Cir. 7/5/06), 934 So.2d 908, 911.

We find *Graci* persuasive here. According to Robles' claims, Giunta, Old Gentilly, and Valverde allegedly damaged his business and deprived him of various unspecified property he owned on the premises. The city court found and we agree that these allegations are not a valid defense against requiring Robles to deliver the premises to Old Gentilly. Indeed, it is undisputed that no lease existed between Old Gentilly and Robles, and Robles had paid no rent to Old Gentilly. Rather, Robles' claims for damages he allegedly sustained through the eviction must be raised in an ordinary proceeding. We perceive no error in the city court's decision not to stay the eviction or join new parties or claims to the summary rule for possession.

We further recognize that, on January 8, 2020, after the city court granted Robles' motion for suspensive appeal, Robles filed a motion for reconsideration in which he again sought joinder, raised new claims of fraud, conspiracy, and conversion against Giunta, Valverde, and Old Gentilly, and requested to transfer the suit to a district court of general jurisdiction. The city court correctly denied this motion, as the city court was divested of jurisdiction over the eviction upon

7

granting Robles' motion for appeal. *See* La. C.C.P. art. 2088. We find no error in the city court's denial of relief requested for the first time in that motion for reconsideration. In summary, these arguments are without merit.

Accordingly, for the reasons set forth in this opinion, we affirm the November 12, 2019 judgment of the city court.

**AFFIRMED**