JIMMY'S DISCOUNT MEAT MARKET, INC.

VERSUS

DIMARCO FIVE, LLC AND WHITNEY
INVESTMENTS, LLC

NO. 21-CA-178

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 809-992, DIVISION "B"
HONORABLE R. CHRISTOPHER COX, III, JUDGE PRESIDING

May 18, 2022

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Robert A. Chaisson

**MOTION TO DISMISS DENIED;**
**JUDGMENT ON MOTION TO QUASH REVERSED;**
**JUDGMENT OF EVICTION VACATED;**
**REMANDED FOR FURTHER PROCEEDINGS**
    **MEJ**
    **JGG**
    **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
JIMMY'S DISCOUNT MEAT MARKET, INC.
    Kenneth J. Beck

COUNSEL FOR DEFENDANT/APPELLEE,
TERRYTOWN MALL, LLC
    Joseph V. DiRosa, Jr.

**JOHNSON, J.**

Defendant-in-reconvention/Appellant, Jimmy's Discount Meat Market, Inc. (hereinafter referred to as "Jimmy's Market"), appeals judgments that granted an eviction and rendered rulings on various motions in favor of Plaintiff-in-reconvention/Appellee, Terrytown Mall, LLC (hereinafter referred to as "Terrytown Mall"), from the 24th Judicial District Court, Division "B". For the following reasons, we deny the motion to dismiss the appeal, reverse the trial court's judgment granting Terrytown Mall's motion to quash, vacate the judgment of eviction in favor Terrytown Mall, and remand the matter to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

The facts pertinent to the instant appeal are as follows.

On April 10, 2011, Jimmy's Market entered into a lease for commercial property for a term of three years—April 2, 2011 through March 31, 2014—with DiMarco Five, L.L.C (hereinafter referred to as "DiMarco Five") for the premises located at 1055 Whitney Avenue in Terrytown, Louisiana. Among the terms of the lease, upon a sale or transfer of the leased premise, the purchaser or transferee was to be bound for the performance of all of DiMarco Five's agreements and obligations under the lease. The lease also allowed Jimmy's Market the right and option to renew the lease by written notice delivered to DiMarco Five no later than 60 days prior to the expiration date of the primary term and/or renewal for four additional terms of 36 months each under the same terms, conditions, and covenants, subject to specified rent amount increases. The lease between Jimmy's Market and DiMarco Five was not recorded in the office of mortgage and conveyance with the Jefferson Parish Clerk of Court. Additionally, Jimmy's Market did not exercise its option to renew the lease through written notice to DiMarco Five.

1

Years later, on August 31, 2020, DiMarco Five executed an "Act of Credit Sale" with Whitney Investments, LLC (hereinafter referred to as "Whitney Investments") for the sale of 1055 Whitney Avenue. The act of sale acknowledged that all leases on the property were transferred and assigned to the account of Whitney Investments.

On September 7, 2020, Jimmy's Market filed a "Petition for Injunctive Relief, Declarative Judgment, and Specific Performance and/or Damages for Breach of Contract" against DiMarco Five, LLC and Whitney Investments, LLC. In its petition, Jimmy's Market alleged that it received a five-day notice to vacate the premises from Whitney Investments on September 3, 2020. It also alleged that it had entered into an oral agreement with DiMarco Five that granted it first right to purchase the building and premises if DiMarco Five ever desired to sell the premises. Jimmy's Market sought injunctive remedies for the Whitney Investments eviction proceedings; a declaratory judgment recognizing its lease interest in the property and declaration that the lease of the premises was valid; and, enforcement of the terms of the oral agreement between it and DiMarco Five or damages, if the property had already been sold in violation of the agreement.

Within a month of the August 2020 sale of 1055 Whitney Avenue, Whitney Investments executed a "Sales and Assumption" agreement with Terrytown Mall for the sale of the same premises on September 30, 2020. The act of sale did not acknowledge the transfer of any leases on the property. A few days later, Jimmy's Market amended its petition on October 12, 2020, adding Terrytown Mall as a defendant. The amended petition alleged that Jimmy's Market was served with a five-day notice to vacate the premises by Terrytown Mall on October 8, 2020, which was the same day that Whitney Investment's eviction proceeding was voluntarily dismissed.[1] The amended petition alleged that, under Jimmy's

---

[1] Whitney Investments was later dismissed with prejudice from the instant action.

Market's belief, Whitney Investments and Terrytown Mall were not separate and distinct corporate entities and were corporate shells and pseudonyms for one individual. In addition to the prayers from the original petition, Jimmy's Market sought to bar Terrytown Mall from the premises and enjoin Terrytown Mall from seeking an eviction.[2]

In opposition, Terrytown Mall filed an answer and a reconventional demand[3] for eviction on January 8, 2021. The demand alleged there was no existing lease agreement between Terrytown Mall and Jimmy's Market, and prior to the acquisition of the property by Terrytown Mall, no written lease agreement bearing on the property had been recorded in the public record. Because there was no lease agreement recorded in the public record evidencing Jimmy's Market's right to occupy the property, Terrytown Mall asserted that it was entitled to a judgment of eviction against Jimmy's Market. Jimmy's Market answered the demand and averred that, while there is no lease agreement with the names Jimmy's Market and Terrytown Mall on it, there was a lease on the premises that was transferred and assigned in the acts of sale. It further averred that the public records doctrine only applied to third-party transferees, and the lease could not be circumvented by the sale of the property to a corporate entity that is not separate and distinct. The trial court ordered that there be separate trials for the original petition and the demand for eviction, and a hearing on Terrytown Mall's demand for eviction was set for March 4, 2021.

Prior to the hearing on the demand for eviction, Jimmy's Market filed a

---

[2] Jimmy's Market later amended its petition a second time to withdraw its request for injunctive relief. The second amended petition added the allegation that Terrytown Mall engaged in deceitful trade practices.

[3] Although Terrytown Mall titled its pleadings as a "Reconventional Demand for Eviction," the substance of the pleading is a petition for eviction. Thus, we will refer to the pleading as a demand for eviction. (*See*, *9029 Jefferson Highway, L.L.C. v. S&D Roofing, L.L.C.*, 13-588 (La. App. 5 Cir. 2/26/14); 136 So.3d 313, 316, where this Court has held, "Courts should look through the caption of pleadings in order to ascertain their substance and to do substantial justice to the parties." The court has a duty to recognize the true nature of the pleadings.)

motion to continue the hearing, arguing that there were open discovery requests (interrogatories and requests for production) relevant to the issues of the eviction. It also argued that Whitney Investments and Terrytown Mall effectively refused to cooperate in the depositions. Terrytown Mall opposed the motion to continue and subsequently filed a "Motion to Quash Subpoenas."[4] Terrytown Mall's motion sought to quash Jimmy's Market's subpoena and subpoenas *duces tecum*. It argued that Jimmy's Market had not set forth a basis in its petition to delve into virtually all of Terrytown Mall's proprietary financial information.

Before the hearing on the demand for eviction commenced, the trial court denied Jimmy's Market's motion to continue in open court. The trial court then granted Terrytown Mall's motion to quash. At the conclusion of the trial, the trial court granted Terrytown Mall's demand for eviction. In a written judgment rendered on March 5, 2021, the trial court ordered Jimmy's Market to immediately vacate the commercial premises and to deliver possession of the premises to Terrytown Mall within 24 hours of rendition of the judgment. On March 8, 2021, the trial court rendered a written judgment denying Jimmy's Market's motion to continue and granting Terrytown Mall's motion to quash subpoenas. Jimmy's Market now appeals the March 5 and 8, 2021 judgments.

## ASSIGNMENTS OF ERROR

On appeal, Jimmy's Market alleges the trial court erred by: 1) allowing Terrytown Mall's demand for eviction to proceed prior to the trial for the declaratory judgment; 2) granting Terrytown Mall's motions to quash subpoenas; 3) denying its motion to continue trial; and, 4) granting the demand for eviction.

## LAW AND ANALYSIS

Motion to Dismiss

Terrytown Mall has filed a "Motion to Dismiss Appeal as Moot." In its

---

[4] Terrytown Mall's motion to quash was joined by Whitney Investments.

motion, Terrytown Mall asserts that, as of August 10, 2021, Jimmy's Market had ceased all business activity, and had removed all inventory and equipment from the subject property. It argues that the actions of Jimmy's Market constituted an "indicia of abandonment" pursuant to La. C.C.P. art. 4731(B)[5], and the validity of the judgment of eviction is now moot.

An issue is "moot" when a judgment or decree on that issue has been "deprived of practical significance" or "made abstract or purely academic." *B&P Rest. Grp., LLC v. Delta Admin. Servs., LLC*, 18-442 (La. App. 5 Cir. 9/4/19); 279 So.3d 492, 498, *writ denied*, 19-1755 (La. 1/14/20); 291 So.3d 685. A case is "moot" when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect. *Id*.

In this matter, Jimmy's Market filed its motion for appeal on March 5, 2021—the same date the judgment of eviction was rendered—and the motion was granted by the trial court. Jimmy's Market vacated the premises on August 10, 2021, after the judgment of eviction was rendered and appeal was granted. An evicted lessee who takes a devolutive appeal does not voluntarily acquiesce in the judgment when he vacates the premises, and, as a general rule, the right to take a devolutive appeal is not forfeited by a compliance with the judgment-at-issue. *New Orleans Hat Attack, Inc. v. New York Life Ins. Co.*, 95-55 (La. App. 4 Cir. 11/30/95); 665 So.2d 1186, 1188, citing *Goldblum v. Harden*, 183 So.2d 756, 757 (La. App. 4th Cir. 1966); *see also*, *Smith v. Shirley*, 01-1249 (La. App. 3 Cir. 2/6/02); 815 So.2d 980, 984, *writ denied*, 02-688 (La. 5/24/02); 816 So.2d 308. The reason is that a person who takes only a devolutive appeal from a judgment against him must submit to the execution of the judgment. *Id*. If the evictee takes

---

[5] La. C.C.P. art. 4731(B) provides, "After the required notice has been given, the lessor or owner, or agent thereof, may lawfully take possession of the premises without further judicial process, upon a reasonable belief that the lessee or occupant has abandoned the premises. Indicia of abandonment include a cessation of business activity or residential occupancy, returning keys to the premises, and removal of equipment, furnishings, or other movables from the premises."

a devolutive appeal, the only relief is monetary damages for wrongful eviction. *Id.* (*See also*, *Lorning v. Alden*, 01-1126 (La. App. 4 Cir. 2/13/02); 809 So.2d 526, 532, *writ denied*, 02-1031 (La. 6/7/02); 818 So.2d 772, where the appellate court held that the issue of whether the trial court erred in granting the rule for possession is relevant to the issue of damages). Because Jimmy's Market also sought damages in this matter, we find that the issue of whether the trial court properly rendered the judgment of eviction is relevant to the issue of damages; thus, the instant appeal is properly before us.

Order of Trials

Jimmy's Market alleges that the trial court erred by allowing Terrytown Mall's demand for eviction to proceed prior to its trial for declaratory judgment. It argues that the demand, which was filed under the summary process, should not have been allowed to undermine the petition for declaratory judgment, which was filed as an ordinary proceeding. Jimmy's Market contends that severing the demand for eviction from the claims under the ordinary process and allowing the demand to be tried first denied it due process. It claims that allowing the demand for eviction to proceed prior to the petition for declaratory judgment denied it the opportunity to develop its case prior to facing the trial on the eviction proceeding, and it effectively resolved the case for declaratory judgment without the benefit of the ordinary process, where it would have had the time and opportunity to conduct meaningful discovery.

Terrytown Mall avers that the trial court properly held the trial on the eviction proceeding prior to the petition for declaratory judgment. It maintains that the eviction proceeding, which is a summary proceeding, could not have been tried along with Jimmy Market's ordinary proceeding or converted into an ordinary proceeding. Thus, Terrytown Mall avers the eviction was properly severed and tried as a summary proceeding.

Pursuant to La. C.C.P. art. 4731, if the occupant fails to comply with the notice vacate required under the Title, the owner may cause the occupant to be cited summarily by a court of competent jurisdiction to show cause why he should not be ordered to deliver possession of the premises to the owner. Summary proceedings are those which are conducted with rapidity, within the delays allowed by the court, and without citation and the observance of all the formalities required in ordinary proceedings. *Graci v. Gasper John Palazzo, Jr. L.L.C.*, 09-347 (La. App. 5 Cir. 12/29/09); 30 So.3d 915, 918, citing La. C.C.P. arts. 2591 and 2592. The court shall make the rule returnable not earlier than the third day after service thereof, at which time the court shall try the rule and hear any defense which is made. La. C.C.P. art. 4732.

Here, there were two types of proceedings remaining in the matter: an ordinary proceeding (the petition for declaratory judgment, unfair trade practices, and breach of contract) and a summary proceeding (the demand for eviction). The demand for eviction, as a summary proceeding, is to be conducted with rapidity and is not required to observe all of the formalities of an ordinary proceeding. *Graci*, *supra*. Thus, the demand for eviction was not required to be tried with or after the petition for declaratory judgment. Therefore, we find that the trial court did not err in trying the demand for eviction prior to the petition for declaratory judgment.

Motion to Quash

Jimmy's Market alleges that the trial court erred in granting Terrytown Mall's motion to quash the trial subpoenas for Terrytown Mall's representatives and the subpoenas *duces tecum* for Terrytown Mall to produce records at the eviction trial. It argues that the motion was never served upon it; yet, the trial court was informed of the lack of service and still ruled upon the motions. Jimmy's Market contends that the sought-after witness trial testimony and

production of documents are relevant to issues of the eviction proceeding—just as they were relevant to the issues of the declaratory judgment request—and being forced to proceed with the eviction trial without the opportunity to present that evidence denied it due process. It contends that, regardless of whether it was recorded, its lease with DiMarco Five was assumed in the Act of Sale from DiMarco Five to Whitney Investments through an exception to the public records doctrine. It further contends that, even though there was no mention of the lease in the second sale to Terrytown Mall, whether Whitney Investments and Terrytown Mall are parts of a single business enterprise is a crucial question in this matter. Jimmy's Market argues that, if it occupied the premises by virtue of a lease between it and DiMarco Five and that lease was subsequently acquired by Whitney Investments and Terrytown Mall through their respective purchases of the property, its defense to the eviction should prevail because the two purchasers are not separate and distinct business entities. Jimmy's Market maintains that Terrytown Mall was not a "third party" purchaser and should not be allowed to, in effect, circumvent an established exception to the public records doctrine by such deceptive practices.

Terrytown Mall asserts that the trial court did not err in quashing the trial subpoenas. It avers that Jimmy's Market is simply attempting to conflate the summary eviction proceeding with the issues to be presented in the ordinary proceeding for the petition for declaratory judgment.

On February 25, 2021, Jimmy's Market filed two subpoenas directed to the authorized representatives of Whitney Investments and Terrytown Mall and two subpoenas *duces tecum* directed to Whitney Investments and Terrytown Mall. The subpoenas requested the following information: incorporation papers for Whitney Investments and Terrytown Mall, including but not limited to all Articles of Incorporation, bylaws, designation of registered agents for service, amendments to

any of the previous listed items, and any and all stock certificates and minutes of corporate meetings; financial records for Whitney Investments and Terrytown Mall from its formation to present date, including but not limited to all bank statements, income tax returns (including schedules), and W-2 forms and 1099 forms issued; any and all income and expense sheets for Whitney Investments and Terrytown Mall or an itemized list of all income and expenses for Whitney Investments and Terrytown Mall from its formation to present; all written notices and communications of any kind relating to the proposed and eventual acquisition of the property located at 1055 Whitney Avenue; and, any and all insurance documents, insuring the properties owned by Whitney Investments and Terrytown Mall.

In response, Terrytown Mall along with Whitney Investments filed a motion to quash the subpoenas. Therein, they argued that a summary action for an eviction involves only the single issue of whether the owner is entitled to possession of the premises. They argued that Jimmy's Market's subpoenas sought information regarding allegations that Terrytown Mall and Whitney Investments are a single business enterprise, and that information sought to convert the summary eviction proceeding into an ordinary proceeding.

At the hearing on the motion to quash, the trial court granted Terrytown Mall's motion. In its oral reasons for judgment, the court found that the business enterprise claim was not relevant to the eviction proceeding.

Appellate courts review a trial court's ruling on a motion to quash under an abuse of discretion standard of review. *McMaster v. Union Carbide Corp.*, 19-592, p. 2 (La. App. 4 Cir. 7/18/19); --- So.3d ---, 2019WL3243992.

Eviction proceedings are governed by La. C.C.P. arts. 4701, et seq. The provisions of La. C.C.P. arts. 4701, *et seq.*, provide a summary process for eviction of a lessee by a lessor because the lease had ended due to expiration of its term or

for other lawful cause. *Monroe Housing Authority v. Coleman*, 46,307 (La. App. 2 Cir. 5/25/11); 70 So.3d 871, 873; *Williams v. Bass*, 37,156 (La. App. 2 Cir. 5/14/03); 847 So.2d 80, 82. It is well-settled that a summary action for eviction of a tenant or lessee under these articles involves the single issue of whether the lessor is entitled to receive back possession of the leased premises. *Graci*, 30 So.3d at 918. The adjudication of reconventional demands and any other relief are determined via an ordinary proceeding. *Id.*

Under La. C.C.P. art. 4732, the "court shall try the rule [for eviction] and ***hear any defense which is made***." (Emphasis added.) *See*, *Nola E., LLC v. Sims*, 18-623 (La. App. 4 Cir. 2/13/19); 265 So.3d 1147, 1150. An affirmative defense is a defense that raises a new matter, which assuming the allegations in the petition are true, will have the effect of defeating a plaintiff's demand on its merits. *235 Holdings, LLC v. 235 Enterprises, LLC*, 20-658 (La. App. 4 Cir. 12/15/21); 334 So.3d 862, 867. A lessee pleading an affirmative defense to eviction "bears the burden of proof on that defense, which must be established by a preponderance of the evidence." *Id.*

The primary focus of the public records doctrine is the protection of third persons against unrecorded instruments by denying the effects of the unrecorded interests, except as between the parties. *McClain v. NMP, LLC*, 18-297 (La. App. 5 Cir. 12/12/18); 262 So.3d 409, 420, *writ denied*, 19-0059 (La. 3/18/19); 266 So.3d 284.

Jimmy's Market argued that when Whitney Investments purchased the property from DiMarco Five, it knew of and assented to the lease. Apparently, Whitney Investments, knowing that it likely would not prevail in a trial on a petition of eviction, sold the property to Terrytown Market, which was allegedly part of the same business enterprise. Jimmy's Market argued that the public records doctrine only applies to third-party transferees in good faith and not to

sales to one's self or to a corporate entity that is not separate and distinct from the seller. Jimmy's Market argued that the owner of the single business enterprise did not "cure" the lease issue present with the sale of the property from DiMarco Five to Whitney Investments by selling the property to allegedly another one of his companies, and thus by virtue of its lease, Jimmy's Market had the right to remain on the premises.

Upon review, contrary to the trial court's finding, we find that the information sought in the subpoenas, at least in part,[6] is very relevant to Jimmy Market's defense to the eviction proceeding. We, thus, find that the trial court abused its discretion when it quashed the subpoenas in their entirety, thereby denying Jimmy's Market at least the opportunity to present its defense and violating its due process rights. Accordingly, we reverse the trial court's judgment granting the motion to quash the subpoenas. Consequently, we also vacate the judgment granting the eviction and remand the matter to the trial court for further proceedings.

In light of the above, we pretermit discussion and analysis of the remaining assignments of error, which are the denials of the motion to continue and the merits of the eviction proceeding.

## DECREE

For the foregoing reasons, we deny the motion to dismiss the appeal, reverse the trial court's judgment granting Terrytown Mall, LLC's motion to quash, vacate the judgment of eviction in favor of Terrytown Mall, LLC, and remand the matter to the trial court for further proceedings.

**MOTION TO DISMISS DENIED;
JUDGMENT ON MOTION TO QUASH REVERSED;
JUDGMENT OF EVICTION VACATED;
REMANDED FOR FURTHER PROCEEDINGS**

---

[6] On remand, the trial court will be required to determine which parts of the subpoenas are relevant to Jimmy's Market's defense to the eviction.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MAY 18, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-CA-178

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE R. CHRISTOPHER COX, III (DISTRICT JUDGE)
JOSEPH V. DIROSA, JR. (APPELLEE)          DANIEL A. RANSON (APPELLEE)          KAYLYN E. BLOSSER (APPELLEE)
RYAN C. HIGGINS (APPELLEE)

**MAILED**
KENNETH J. BECK (APPELLANT)
ATTORNEY AT LAW
1011 FOURTH STREET
SUITE 201
GRETNA, LA 70053